# 09 CV 10101

JUDGE BATTS

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; VIRGIN RECORDS AMERICA, INC., a California Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT, INDUCEMENT TO INFRINGE COPYRIGHT, MISAPPROPRIATION, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |



Plaintiffs, by their attorneys Mitchell Silberberg & Knupp LLP, for their Complaint against Defendants Vimeo, LLC d/b/a Vimeo.com, Connected Ventures, LLC, and Does 1-20 ("Defendants"), aver, upon knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs Capitol Records, LLC ("Capitol"), Caroline Records, Inc. ("Caroline"), and Virgin Records America, Inc. ("VRA") are record companies and the owners of copyrights and related exclusive rights in sound recordings. Plaintiffs (all of which are companies affiliated with EMI Music) collectively own some of the most well-known and successful sound recordings in the world. Plaintiffs bring this action to obtain redress for massive and knowing infringement of their copyrighted sound recordings by Defendants.

2.      Vimeo LLC ("Vimeo") is the owner of the website located at the Uniform Resource Locator ("URL") www.vimeo.com (the "Vimeo website"). Vimeo is a popular and well-financed video- and music-"sharing" website that profits by using audiovisual works, including audiovisual works featuring Plaintiffs' copyrighted recordings. Vimeo induces and encourages its users to upload to the Vimeo website these audiovisual works, and Vimeo then copies, adapts, publicly performs, distributes, and otherwise disseminates to the public these audiovisual works, all of which can be viewed or downloaded by anyone with an Internet connection (and a free, anonymous Vimeo membership) with a simple mouse click and then further distributed virally throughout the Internet. Vimeo uses these works, including those featuring Plaintiffs' copyrighted recordings, to populate its commercial website and to attract members. Vimeo also actively participates, including through its own staff, in making, selecting, commenting on, and at times choosing to delete the audiovisual works that comprise the Vimeo website. Vimeo claims to have over two million members (many of whom pay a yearly $59.95 membership fee). Among the audiovisual works copied, adapted, publicly performed, and distributed by Vimeo are numerous copies of Plaintiffs' sound recordings. Plaintiffs never have authorized the exploitation of their copyrighted works by Vimeo.

3.      The use of Plaintiffs' original, copyrighted recordings on Vimeo's website is not an accident. Vimeo's stated policy (expressed by its own staff member) is that "our website is about original videos, *not* original music" (emphasis added). As a result, the Vimeo website contains a massive amount of content that features, and draws most (if not all) of its appeal from, the use of copyrighted musical works. Indeed, the use of copyrighted music is integral to the success of the Vimeo website. Among such audiovisual works on the Vimeo website are official music videos, videos consisting entirely of individuals "lip-synching" recordings (also known as "lip dubs," a phrase coined by Vimeo and a practice encouraged by Vimeo and its staff), and videos featuring prominent musical soundtracks.

2

4.      Vimeo not only is aware of the copyright infringement taking place on its system, but actively promotes and induces that infringement, including by showcasing audiovisual works containing Plaintiffs' copyrighted recordings, by encouraging users to embody copyrighted recordings in their works, by providing users with the tools to perform and disseminate copyrighted recordings, by providing commentary and feedback on uploaded videos featuring copyrighted recordings, and by refusing to filter or block videos using copyrighted recordings. As one Vimeo staff member advised users: "You can use the music, there are ton's [sic] of videos on here with music."

5.      The reproduction, adaptation, public performance, and distribution of Plaintiffs' recordings by Vimeo are precisely the types of commercial uses licensed by Plaintiffs to, for example, television shows and other Internet services.  However, unlike those licensed uses, Vimeo has never obtained the consent of Plaintiffs to use their works or paid plaintiffs any compensation.

6.      By filing this lawsuit, Plaintiffs are not seeking to stifle creativity or preclude members of the public from creating original, lawful audiovisual works.  Rather, this lawsuit is about a commercial, for-profit venture that has built a business by reproducing, adapting, performing, and distributing works that it knows contain Plaintiffs' copyrighted recordings, and then knowingly profiting from the draw created by making these works available for free to millions of its users.

## JURISDICTION AND VENUE

7.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., and for misappropriation and unfair competition under the laws of the State of New York.

3

8.    This Court has subject matter jurisdiction over Plaintiffs' claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims for misappropriation and unfair competition in that they are so related to Plaintiffs' claims under the Copyright Act as to be part of the same case or controversy.

9.    This Court has personal jurisdiction over Defendants in that, among other things, Defendants have their principal place of business in, and are doing business in, the State of New York and in this District. As such, Defendants are engaged in tortious conduct within the State of New York, including by copying, adapting, publicly performing, and distributing Plaintiffs' copyrighted recordings. Additionally, Defendants' conduct causes injury to Plaintiffs and their intellectual property within the State of New York, and Defendants (a) regularly do or solicit business in the State of New York, (b) engage in a persistent course of conduct in the State of New York, (c) derive substantial revenue from goods used or services provided to consumers located in the State of New York, (d) expect or should reasonably expect their acts to have consequences in the State of New York, and (e) derive substantial revenue from interstate commerce.

10.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a), in that Defendants are subject to personal jurisdiction and may be found in this District.

## THE PARTIES

11.    Capitol is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

12.    Caroline is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

4

13.    VRA is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in New York, New York.

14.    Capitol, Caroline, and VRA (collectively, "Plaintiffs") are engaged in the business of producing sound recordings and distributing, selling, and/or licensing the reproduction, distribution, sale, and performance of their sound recordings in phonorecords (as defined in 17 U.S.C. § 101), in audiovisual works, and for streaming (i.e., performing) and downloading over the Internet. Plaintiffs invest substantial money, time, effort, and creative talent in discovering and developing recording artists, and in creating, advertising, promoting, selling, and licensing sound recordings embodying the performances of their exclusive recording artists and their unique and valuable sound recordings.

15.    Plaintiffs own copyrights and/or exclusive rights in and to their sound recordings (the "Copyrighted Recordings"), including many of the most popular sound recordings in the world. A representative sample of Plaintiffs' Copyrighted Recordings are the recordings identified on Schedule A hereto, incorporated herein by reference. Plaintiffs have obtained or applied for Certificates of Copyright Registration in each of the Copyrighted Recordings, including but not limited to those identified on Schedule A. As the owner of copyrights in the Copyrighted Recordings, Plaintiffs possess the exclusive rights, among other things, to reproduce the Copyrighted Recordings in copies or phonorecords, to adapt the Copyrighted Recordings, to distribute copies or phonorecords of the Copyrighted Recordings to the public, to perform the Copyrighted Recordings publicly by means of a digital audio transmission, and to license these exclusive rights including on television and over the Internet.

16.    Plaintiffs also possess exclusive ownership rights in sound recordings of musical performances that initially were "fixed" (i.e., recorded) prior to February 15, 1972 (the "Pre-1972 Recordings"). Congress expressly has recognized that the states provide extensive

5

protection through various state law doctrines to recordings "fixed" before February 15, 1972, and that the federal Copyright Act cannot be used to "annul[] or limit[]" those rights until February 15, 2067." 17 U.S.C. § 301(c). Such ownership rights are protected under New York law. Among the Pre-1972 Recordings owned by Plaintiffs are those identified on Schedule B hereto, incorporated herein by reference. (The "Copyrighted Recordings" and the "Pre-1972 Recordings" collectively are referred to as the "Recordings" or "Plaintiffs' Recordings.")

17.     Vimeo is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Plaintiffs are informed and believe, and on that basis aver, that Vimeo is the successor-in-interest to Connected Ventures LLC, a Delaware Limited Liability Company, with respect to the Vimeo website, and both have engaged in the acts and conduct herein set forth. (Reference herein to "Vimeo" includes, as appropriate, its predecessor-in-interest.) Vimeo purports to be a video-sharing network and Internet "community," but in fact it is a commercial business that encourages and assists its users to make, upload, download, distribute, and view a variety of audiovisual works, including works that feature or contain Plaintiffs' Recordings. In doing so, Vimeo, among other activities, copies the audiovisual works (containing Plaintiffs' Recordings) to its own server, makes additional copies of works to facilitate its performance and distribution, and publicly performs and distributes the audiovisual works.

18.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 20, inclusive, are unknown to Plaintiffs, which sue said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiffs will seek leave to amend this complaint to state their true names and capacities. Plaintiffs are informed and believe, and on that basis aver, that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth. (Vimeo and the Doe Defendants collectively are referred to as "Defendants.")

6

19.     Plaintiffs are informed and believe, and on that basis aver, that at all times mentioned in this complaint, each of the Defendants was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

## FACTS APPLICABLE TO ALL CLAIMS

20.     As an integral part of the business and commercial appeal of the Vimeo website, Vimeo copies, adapts, publicly performs, distributes, and provides technology and services that induce and enable others to copy, adapt, publicly perform, and distribute, video and audio content, including music, over the Internet. Vimeo aggregates this content, including Plaintiffs' Recordings, and performs and/or distributes this content via a commercial website to any member of the public with an Internet connection. Vimeo profits from these activities by pairing that video content with advertisements, by charging users for "premium" memberships, and by selling merchandise to its users.

21.     Vimeo typically makes at least two copies of each uploaded audiovisual work, including those embodying complete or virtually complete copies of Plaintiffs' Recordings. The first copy contains the work as uploaded; the second copy contains the same work "transcoded" so as to be more accessible and easily performed or distributed to and by its users. The audiovisual work then is indexed by Vimeo and made available to the public. On demand, visitors to the Vimeo website may access such audiovisual works, which are publicly performed by Vimeo by means of a "streaming" transmission. Vimeo also enables members of the public to "share" (via e-mail) these audiovisual works and "embed" these works (via an "in-line" link) on a third party website. In addition, to its registered users, Vimeo makes available and distributes by download (from the Vimeo server) complete copies of audiovisual works uploaded to Vimeo, which then may be e-mailed, distributed on peer-to-peer networks, or otherwise virally disseminated throughout the Internet. Representative samples of Plaintiffs' Recordings that

7

Vimeo has unlawfully copied, publicly performed, and distributed via these audiovisual works are those identified on Schedules A and B.

22.    Vimeo offers anonymous memberships for free to its website and online services. Vimeo also offers paid premium memberships to its website (known as "Vimeo Plus") for $59.95 per year. Even without registering, any visitor to the Vimeo website can view and listen to most of the uploaded audiovisual works in their entirety, including those containing Plaintiffs' Recordings. Once a user creates a membership account with Vimeo (free or paid), that user then may engage in a variety of additional activities, including uploading digital media files to the Vimeo server and website, creating or "subscribing to" (i.e., receiving regular updates from) "Groups" and "Channels" dedicated to certain types of audiovisual works (and music), downloading from Vimeo servers audiovisual works created by other users, distributing those works virally over the Internet, designating certain uploaded works as "private" or password protected, and posting comments and messages to the Vimeo message boards and discussion groups.

23.    Vimeo differs from certain other so-called "video-sharing" websites, including by taking an active and pervasive role in its user "community." Among other things, Vimeo employs staff members whose role is to act as community liaisons. In that role, Vimeo staff members (identified on the Vimeo website as "Staff"), provide their own videos (including those containing Plaintiffs' Recordings), contribute to community discussions, review and comment on posted videos (including by tagging certain videos as "likes"), select videos to be featured and showcased as "Staff Picks," create "Groups" and "Channels," assist users with technical and creative issues, and decide to delete certain videos. The Vimeo website is much more than a place for users to store audiovisual works. As one of the Vimeo Staff explained, *"we're not a hosting service*; we're a sharing service.... We want users who will contribute to Vimeo and our community, not just use our service to host their videos for free" (emphasis added).

24.    While Vimeo's materials tout its commitment to "original" content, its view of what is "original" is narrow and self-serving.  While Vimeo claims to have no tolerance for the posting of preexisting video content, it not only freely and readily permits, but actively encourages, its users to post audiovisual works that feature, contain, or even consist entirely of preexisting *musical works*, including Plaintiffs' Recordings.  These include, among other things, audiovisual works which use copyrighted musical works in the foreground of the work, or synchronized with images such as animation, photographs, drawings, or other video footage.  In all of these audiovisual works, the music is not incidental; it generally is comprised of the entirety of a recording deliberately and carefully synchronized into the video in order to provide a focal point and appeal for the content.  Many of these videos are equivalent to television programs or independent films, with recordings synchronized with the dialog or the visual material.  Others are simply an *entire* recording "mouthed" (i.e., lip synched) by the individuals in the video.  Others are the equivalent of music videos, in which the entire audiovisual work is focused on the recording.  (Vimeo even has provided Plaintiffs' Recordings by performing videos that consist of nothing more than a "record player" playing a copy of one of Plaintiffs' Recordings.)

25.    One of the most prevalent and popular types of audiovisual works provided by the Vimeo Website is the so-called "lip dub" video.  Plaintiffs are informed and believe, and on that basis aver, that "lip dub" is a term coined by Vimeo's founder, Jakob Lodwick, who has himself created, and encouraged the creation of, "lip-dubs" that infringe copyrighted recordings.  A "lip dub" video is a video that is comprised of footage of an individual (or individuals) "lip-synching" the entirety of a popular recording.  Vimeo staff has made and uploaded to the Vimeo Website "lip dub" videos that infringe Plaintiffs' Recordings, and have even promoted and aided in the copying of the entirety of one of Plaintiffs' enormously popular *albums.*  Vimeo otherwise encourages and induces the making and uploading of "lip dubs."  Vimeo has advised its users, including on its home page, to make "lip dubs" by digitally inserting and synchronizing

9

commercial recordings into video footage during editing. (E.g., "Shoot yourself mouthing along to a song. Then sync it with a high quality copy of the song in an editing program.") This ensures that the music that accompanies the "lip dub" video, which virtually always is copied directly from a commercial recording, is high-quality, of substantial volume, and is the focal point of the audiovisual work.

26.    Vimeo has extensive knowledge of the use of copyrighted recordings on its website, and Vimeo encourages and induces its users to copy, adapt, and upload copyrighted recordings, including Plaintiffs' Recordings. It does so in a number of ways, including:

(a)    Vimeo Staff itself has created and disseminated audiovisual works embodying Plaintiffs' Recordings.

(b)    Vimeo showcases certain audiovisual works containing copyrighted recordings, including Plaintiffs' Recordings, by including them among its "Staff Picks" or "Featured" videos. Further, Vimeo Staff frequently review and comment on audiovisual works uploaded by Vimeo members, including audiovisual works containing copyrighted recordings. Plaintiffs are informed and believe, and on that basis aver, that Vimeo Staff also monitor Vimeo discussion groups, communicate frequently with Vimeo users, and implicitly or explicitly encourage and authorize Vimeo users to include and provide to Vimeo preexisting recordings in their audiovisual works, including by engaging in "group" projects organized by Vimeo.

(c)    Vimeo has created (or encouraged its users to create) "Channels" and "Groups" dedicated to showcasing music videos, including those containing Plaintiffs' Recordings. Vimeo users have created Channels specifically dedicated to showcasing videos set to the recordings of particular artists. Several prominent Channels are dedicated entirely to "lip dub" videos, which by definition involve the exact copying of pre-existing recordings. Vimeo has selected certain

10

music-based channels, including channels devoted to "lip dubs" of copyrighted recordings, among its "Featured Channels" (sometimes also referred to as channels "We Like" or "Vimeo Obsessions"). Moreover, Plaintiffs are informed and believe, and on that basis aver, that many of these Channels are visited by Vimeo Staff or community moderators.

(d)     Many videos and Channels are readily identifiable as containing Plaintiffs' Recordings. Typically, at least one (and frequently several) of the following is present: (1) the title of the recording and/or name of the recording artist is used as the title of the video file; (2) the description of the file includes information identifying the recording and/or recording artist; (3) the file has been designated with "keywords" that specifically reference the artist, song title, and/or copyright owner (e.g., "Capitol"); and/or (4) the video is displayed with a "thumbnail" image consisting of a screenshot that clearly displays that the video contains Plaintiffs' Recordings. These include famous recordings known to the public generally, and Vimeo specifically, to be owned by record companies, including Plaintiffs. However, Vimeo has expressed to its members that it will not remove videos containing copyrighted musical works unless it receives a formal take-down request (by which time the infringing work has been made available to all Vimeo users and for copying and further distribution by all Vimeo members). Even after receiving notice, Vimeo does nothing to remove other copies of the same recordings or to prevent them from being replaced, copied on Vimeo's servers, and made available to its users. In so doing, Vimeo conveys to its users that it tolerates the use of copyrighted recordings and will not engage in policing of its system with respect to music (as opposed to the regular policing it claims to engage in with respect to other types of content).

(e)     Vimeo is well aware of the nature of copyrights generally, purports to obtain "licenses" from its members to copy, perform, and distribute audiovisual works, and takes steps to protect its own intellectual property rights. Vimeo specifically is aware of the fact that Plaintiffs own copyrights in recordings and that such rights must be licensed or authorized by the

11

copyright owners for the precise uses made by Vimeo without license or authorization.
Moreover, Vimeo's parent company, IAC (and its subsidiary, Mindspark Interactive Network,
Inc., which owns Vimeo), own and manage numerous companies engaged in the exploitation of
intellectual property, such as dating website Match.com, the online "virtual world" Zwinky, web
"personalization" site "Webfetti," online greeting card sites MyFunCards.com and
CardBoiled.com, and many other Internet websites and online businesses.

27.    Although Plaintiffs have notified Vimeo of a representative sample of Plaintiffs'
Recordings that were being infringed, additional copies of many of the same works continue to
be made available on and by Vimeo.  Vimeo claims to take active steps to filter and remove
content that it views as professionally created or that is comprised of preexisting works (e.g.,
movies, television programs).  On the other hand, Vimeo refuses to implement and use available
simple measures, including available filtering technology, to avoid the continued and ongoing
infringement of Plaintiffs' Recordings.

28.    Vimeo directly financially benefits from its infringing conduct.  Vimeo earns
revenue from various forms of advertising.  This includes "banner" and "sponsored link"
advertising that is placed on Vimeo webpages containing infringing recordings.  Some
advertisements used by Vimeo also are keyword driven and targeted to the music used.  Vimeo
also benefits financially from the sale of premium Vimeo Plus memberships and from the sale of
merchandise.  Finally, Vimeo financially benefits from the overall increase in user traffic and
commercial value of its business arising from the "draw" of the availability on its website of
videos containing copyrighted recordings.

29.    Vimeo has the legal right and ability to control and limit the infringing activities
on its website.  All members of Vimeo agree to be bound by "Terms of Service," which, among
other things, permit Vimeo to terminate a user's access to its website.  Vimeo at all times

12

possesses absolute control with respect to access to the Vimeo website. Vimeo also has the practical ability to control and limit the content on its website. All content contained on the Vimeo website is copied and indexed by Vimeo and stored on a server controlled by Vimeo. Vimeo claims it routinely monitors the videos uploaded to its website to ensure that such videos are comprised of amateur or user-made content, do not contain pornographic content, and comply with other "community guidelines," and removes those videos that do not comply. Vimeo staff also review the audiovisual works to select their "Staff Picks," which include works embodying Plaintiffs' Recordings. However, Vimeo deliberately does not remove or delete audiovisual works that it knows contain copyrighted recordings. To the contrary, Vimeo (and its Staff) openly encourage and/or tolerate the use of copyrighted music by Vimeo users, thereby conveying that the Vimeo website is a "safe haven" for such material and allowing the proliferation of infringing works on website.

## COUNT I

### DIRECT COPYRIGHT INFRINGEMENT

30.    Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 29, inclusive.

31.    Defendants have infringed Plaintiffs' copyrights in the Copyrighted Recordings by reproducing, distributing, and/or publicly performing the Copyrighted Recordings without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

32.    Each such infringement by Defendants of the Copyrighted Recordings constitutes a separate and distinct act of infringement.

13

2395165.4

33.     Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiffs.

34.     As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

35.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

36.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted Recordings.  Plaintiffs are entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

37.     Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 29, inclusive.

38.     The aforementioned activities by Defendants' users constitute infringements of Plaintiffs' Copyrighted Recordings, including Plaintiffs' exclusive rights of reproduction,

14

2395165.4

adaptation, distribution, and public performance by means of a digital audio transmission, 17 U.S.C. §§ 106 and 501.

39.    Defendants have, with knowledge, materially contributed to unauthorized reproductions, adaptations, distributions, and/or public performances of the Copyrighted Recordings by Defendants' users, including by failing and refusing to take simple measures to limit or curtail such infringing activity, and thus Defendants have contributed to or caused the infringement of Plaintiffs' copyrights.

40.    Each such infringement by Defendants' users of Plaintiffs' Copyrighted Recordings constitutes a separate and distinct act of infringement.

41.    Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiffs.

42.    As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C § 504(c).

43.    Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

44.    As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis aver, that unless enjoined

15

and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted Recordings. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT III

### VICARIOUS COPYRIGHT INFRINGEMENT

45.     Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 29, inclusive.

46.     The aforementioned activities by Defendants' users constitute infringements of Plaintiffs' copyrights in Plaintiffs' Copyrighted Recordings, including Plaintiffs' exclusive rights of reproduction, distribution, adaptation, and public performance by means of a digital audio transmission, 17 U.S.C. §§ 106 and 501.

47.     Defendants have the right and ability to supervise and control the infringing conduct of their users. Defendants have failed and refused to exercise such supervision and control to limit infringement to the extent required by law. As a direct and proximate result of such refusal, Defendants' users have infringed Plaintiffs' copyrights in the Copyrighted Recordings, including by reproducing, adapting, distributing, and publicly performing the Copyrighted Recordings.

48.     Defendants derive a direct financial benefit from this infringement, including but not limited to, from advertising revenue, from paid subscriptions, from the sale of merchandise through the Vimeo website, and from the increased user traffic and increase in value of Defendants' business arising from the "draw" of Plaintiffs' Copyrighted Recordings.

2395165.4

49.    Each such infringement by Defendants' users of Plaintiffs' Copyrighted Recordings constitutes a separate and distinct act of infringement.

50.    Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiffs.

51.    As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

52.    Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

53.    As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted Recordings.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT IV

## INDUCEMENT TO INFRINGE COPYRIGHT

54.    Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 29, inclusive.

2395165.4

55.     Defendants have actively encouraged and induced Vimeo users to engage in copyright infringement, including, among other things, by providing to them the tools to infringe, instructions to infringe, and the ability to infringe anonymously. Additionally, Defendants have designed the Vimeo website and service, and promoted the use of the Vimeo website, to infringe copyrighted works, including Plaintiffs' Copyrighted Recordings. As a direct and proximate result of such inducement, Defendants' users have infringed Plaintiffs' Copyrighted Recordings, including by reproducing, adapting, distributing, and publicly performing Plaintiffs' Copyrighted Recordings.

56.     Each such infringement by Defendants' users of the Copyrighted Recordings constitutes a separate and distinct act of infringement.

57.     Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

58.     As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C § 504(c).

59.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

60.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis aver, that unless enjoined

18

and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted Recordings. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT V

### COMMON LAW COPYRIGHT INFRINGEMENT AND MISAPPROPRIATION

61.     Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 29, inclusive.

62.     The Pre-1972 Recordings are subject to common law copyright protection under the law of the State of New York. As the owners of common law copyrights in and to the Pre-1972 Recordings, Plaintiffs possess the exclusive rights to manufacture, copy, sell, distribute, and otherwise exploit the Pre-1972 Recordings.

63.     Plaintiffs have not authorized or licensed the Defendants or any of their users the right to copy, distribute, or otherwise exploit the Pre-1972 Recordings in any manner.

64.     Through their conduct, Defendants have violated Plaintiffs' exclusive ownership interests in and to the Pre-1972 Recordings. Defendants have misappropriated, and continue to misappropriate, for their own commercial benefit, Plaintiffs' property rights in the Pre-1972 Recordings.

65.     As a direct and proximate result of Defendants' conduct in violation of Plaintiffs' exclusive ownership interests in and to the Pre-1972 Recordings, Defendants have received proceeds and Plaintiffs have been damaged in an amount to be proven at trial.

19

2395165.4

66.     Defendants are guilty of oppression, fraud or malice, and Plaintiffs, in addition to their actual damages, are entitled to recover exemplary and punitive damages against Defendants.

67.     Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to an injunction prohibiting further violation of their property rights in the Pre-1972 Recordings.

## COUNT VI

### UNFAIR COMPETITION

68.     Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 29, inclusive.

69.     Plaintiffs possess exclusive ownership interest in and to the Pre-1972 Recordings, and those ownership interests are protected under New York unfair competition law.

70.     Plaintiffs are engaged in the business of selling, distributing, and licensing the Pre-1972 Recordings, both in tangible form and digitally over the Internet, including in audiovisual works.  Plaintiffs expend large sums of money to create, produce, and exploit their rights in and to the Pre-1972 Recordings.  Plaintiffs have the exclusive right to control the use of their Pre-1972 Recordings and to receive compensation for the exploitation of such works.

71.     Defendants' conduct constitutes unfair competition under New York common law.

2395165.4

72.    As a direct and proximate result of Defendants' conduct, Plaintiffs further are entitled to recover all proceeds and other compensation received or to be received by Defendants arising from the infringements of the Pre-1972 Recordings.

73.    As a direct and proximate result of Defendants' unfair competition, Plaintiffs have been damaged in an amount to be proven at trial for which damages and/or restitution and disgorgement is appropriate.  Such damages and/or restitution and disgorgement should include a declaration by this Court that Defendants are constructive trustees for the benefit of Plaintiffs, and an order that Defendants account and convey to Plaintiffs the gross receipts received or to be received by them that are attributable to infringement of the Pre-1972 Recordings.

74.    Defendants are guilty of oppression, fraud or malice, and Plaintiffs, in addition to their actual damages, are entitled to recover exemplary and punitive damages against Defendants.

75.    Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law, thus entitling them to an injunction prohibiting further acts of unfair competition.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.    On Counts I through IV, for Defendants' profits and for damages in such amount as may be determined; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

21

2.      On Counts I through VI, for injunctive relief enjoining Defendants, and each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from: (i) directly or indirectly infringing in any manner any of Plaintiffs' respective copyrights (whether now in existence or hereafter created), including without limitation, the Recordings listed on Schedule A; (ii) from causing, contributing to, participating in, inducing, or enabling the infringement of any of Plaintiffs' respective copyrights, including without limitation, the Recordings listed on Schedule A; (iii) directly or indirectly violating, in any manner, Plaintiffs' property rights in Plaintiffs' Pre-1972 Recordings, including without limitation, those listed on Schedule B; and (iv) from causing, contributing to, participating in, inducing, or enabling the reproduction, performance or distribution of any of Plaintiffs' Pre-1972 Recordings, including without limitation, those listed on Schedule B.

3.      On Count VI, for an accounting, the imposition of a constructive trust, restitution of Defendants' unlawful proceeds, and damages according to proof.

4.      On Counts V and VI, for punitive and exemplary damages in such amount as may be awarded at trial.

5.      For prejudgment interest according to law.

6.      For Plaintiffs' attorneys' fees and full costs.

7.      For such other and further relief as the Court may deem just and proper.

2395165.4

DATED:   December 10, 2009
New York, New York

MITCHELL SILBERBERG & KNUPP LLP


By: _Christine Lepera_

Christine Lepera (CL 9311)
12 East 49th Street, 30th Floor
New York, New York 10017
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Russell J. Frackman (*pro hac vice* motion
forthcoming)
Marc E. Mayer (*pro hac vice* motion
forthcoming)
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Plaintiffs*

2395165.4

## JURY DEMAND

Plaintiffs Capitol Records, LLC; Caroline Records, Inc.; and Virgin Records America, Inc., demand a trial by jury.

DATED:   December 10, 2009
           New York, New York

MITCHELL SILBERBERG & KNUPP LLP

By: _Christine Lepera_

Christine Lepera (CL 9311)
12 East 49th Street, 30th Floor
New York, New York 10017
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Russell J. Frackman (*pro hac vice* motion forthcoming)
Marc E. Mayer (*pro hac vice* motion forthcoming)
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Plaintiffs*

2395165.4

# SCHEDULE A

Schedule A
Representative Infringements of Plaintiffs' Copyrighted Sound Recordings

| Artist | Track | Copyright Claimant | Plaintiff | SR# | Date of Registration | URL |
|---|---|---|---|---|---|---|
| 30 Seconds to Mars | The Kill | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000377457 | 9/20/2005 | http://vimeo.com/394015 |
| A Fine Frenzy | Come On Come Out | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000611567 | 9/17/2007 | http://vimeo.com/1440482 |
| A Perfect Circle | Judith | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000281642 | 6/19/2000 | http://vimeo.com/5535734 |
| A Perfect Circle | The Outsider | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000341312 | 10/22/2003 | http://vimeo.com/227164 |
| Amos Lee | Keep It Loose, Keep It Tight | Capitol Records, Inc. | Capitol Records, LLC | SR0000377451 | 9/20/2005 | http://vimeo.com/1603786 |
| Beastie Boys | Ch-Check It Out | Capitol Records, Inc. | Capitol Records, LLC | SRu000536345 & SR0000360352 | 6/6/2004 & 9/16/2004 | http://vimeo.com/3219888 |
| Beastie Boys | Intergalactic | Capitol Records, Inc. | Capitol Records, LLC | SR0000277731 | 8/25/1998 | http://vimeo.com/4677549 |
| Beastie Boys | Sabotage | Capitol Records, Inc. | Capitol Records, LLC | SR0000213461 | 9/11/1995 | http://vimeo.com/936486 |
| Beastie Boys | Sure Shot | Capitol Records, Inc. | Capitol Records, LLC | SR0000213461 | 9/11/1995 | http://vimeo.com/1361586 |
| Billy Idol | Rebel Yell | Chrysalis Records, Inc. | Capitol Records, LLC | SR0000052131 | 2/24/1984 | http://vimeo.com/4146885 |
| Billy Idol | White Wedding | Capitol Records, Inc. | Capitol Records, LLC | SR0000036550 | 7/6/1982 | http://vimeo.com/2820329 |
| Blind Melon | No Rain | Chrysalis Records, Inc. | Capitol Records, LLC | SR0000384161 | 3/3/2006 | http://vimeo.com/171330 |
| Blondie | Call Me | Chrysalis Records, Inc. | Capitol Records, LLC | SR0000015308 | 2/8/1980 | http://vimeo.com/239389 |
| Blondie | Heart of Glass | Chrysalis Records | Capitol Records, LLC | SR0000008533 | 1/10/1979 | http://vimeo.com/2587174 |
| Blur | Far Out | EMI Records Ltd. | Capitol Records, LLC | SR0000345517 | 12/31/2003 | http://vimeo.com/6545602 |
| Blur | Girls and Boys | EMI Records Ltd. | Capitol Records, LLC | SR0000345517 | 12/31/2003 | http://vimeo.com/channels/staffpicks#388657 |
| Blur | Song 2 | EMI Records Ltd. | Capitol Records, LLC | SR0000231938 | 3/12/1997 | http://vimeo.com/3989868 |
| Blur | We've Got A File On You | EMI Records Ltd. | Capitol Records, LLC | SRu00494203 & SR0000337889 | 4/21/2003 & 5/21/2003 | http://vimeo.com/1222894 |
| Bobby McFerrin | Don't Worry Be Happy | Capitol Records, Inc. | Capitol Records, LLC | SR0000097575 | 8/2/1988 | http://vimeo.com/2090488 |
| Chemical Brothers | Star Guitar | Virgin Records Ltd. | Virgin Records America, Inc. | SR0000332971 | 5/29/2003 | http://vimeo.com/3216478 |
| Chingy | Right Thurr | Capitol Records, Inc. | Capitol Records, LLC | SR0000343105 | 8/5/2003 | http://vimeo.com/4465700 |
| Coldplay | Speed of Sound | EMI Records Ltd. | Capitol Records, LLC | SR0000376817 | 8/17/2005 | http://vimeo.com/4173769 |
| Coldplay | Strawberry Swing | EMI Records Ltd. | Capitol Records, LLC | SRu000870150 | 4/22/2008 | http://vimeo.com/6146770 |
| Coldplay | The Scientist | EMI Records Ltd. | Capitol Records, LLC | SR0000332958 | 9/9/2002 | http://vimeo.com/3461760 |
| Coldplay | Yellow | EMI Records Ltd. | Capitol Records, LLC | SR0000328762 | 3/18/2003 | http://vimeo.com/2271446 |
| Culture Club | Karma Chameleon | Virgin Records Ltd. | Virgin Records America, Inc. | SR0000625424 | 7/13/2009 | http://vimeo.com/2701219 |

page 1 of 4

Schedule A
Representative Infringements of Plaintiffs' Copyrighted Sound Recordings

| Artist | Track | Copyright Claimant | Plaintiff | SR# | Date of Registration | URL |
|---|---|---|---|---|---|---|
| Daft Punk | Aerodynamic | Daft Life Limited | Virgin Records America, Inc. | SR0000379190 | 11/8/2005 | http://vimeo.com/169345 |
| Daft Punk | Around the World / Harder Better Faster Stronger | Daft Life Limited | Virgin Records America, Inc. | SR0000624850 | 12/28/2007 | http://vimeo.com/2169237 |
| Daft Punk | Digital Love | Daft Life Limited | Virgin Records America, Inc. | SR0000379190 | 11/8/2005 | http://vimeo.com/473332 |
| Doves | Words | EMI Records Ltd. | Capitol Records, LLC | SR0000321028 | 10/1/2002 | http://vimeo.com/channels/juli avids/page 2 |
| Duran Duran | Ordinary World | EMI Records Ltd. | Capitol Records, LLC | SR0000278777 | 3/24/2000 | http://vimeo.com/4092956 |
| Duran Duran | Planet Earth | EMI Records Ltd. | Capitol Records, LLC | SR0000032401 | 1/6/1982 | http://vimeo.com/4092993 |
| Duran Duran | Rio | Tritec Music Ltd. | Capitol Records, LLC | SR0000037720 | 8/4/1982 | http://vimeo.com/3911162 |
| Duran Duran | To the Shore | Tritec Music Ltd. | Capitol Records, LLC | SR0000032505 | 10/22/1981 | http://vimeo.com/2812793 |
| Everclear | Heroin Girl | Capitol Records, Inc. | Capitol Records, LLC | SR0000279015 | 10/20/1998 | http://vimeo.com/144836 |
| Fatboy Slim | Praise You | Skint Records | Caroline Records, Inc. | SR0000295361 | 4/19/2001 | http://vimeo.com/217550 |
| Fountains of Wayne | Stacy's Mom | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000335616 | 7/7/2003 | http://vimeo.com/2250789 |
| Gorillaz | 19-2000 | EMI Records Ltd. | Capitol Records, LLC | SR0000409208 | 1/4/2007 | http://vimeo.com/channels/juli avids/page 2 |
| Gorillaz | DARE | EMI Records Ltd. | Capitol Records, LLC | SRu000573812 & SR0000379135 | 3/10/2005 & 11/14/2004 | http://vimeo.com/3170624 |
| Gorillaz | Feel Good, Inc. | EMI Records Ltd. | Capitol Records, LLC | SR0000379134 | 11/14/2004 | http://vimeo.com/416510 |
| Iggy Pop | The Passenger | RCA Records | Virgin Records America, Inc. | N00000045278/R E0000919804 | 8/17/1977 & 8/5/2005 | http://vimeo.com/1232042 |
| J. Holiday | Suffocate | Music Line Group, LLC | Capitol Records, LLC | SR0000621038 | 10/19/2007 | http://vimeo.com/1826258 |
| KT Tunstall | Suddenly I See | Jaydone Ltd. trading as Relentless Records | Virgin Records America, Inc. | SR0000388462 | 3/7/2006 | http://vimeo.com/1172055 |
| KT Tunstall | Universe & U | Jaydone Ltd. trading as Relentless Records | Virgin Records America, Inc. | SR0000388462 | 3/7/2006 | http://vimeo.com/1987691 |
| Kylie Minogue | Can't Get You Out of My Head | EMI Records Ltd. | Capitol Records, LLC | SR0000322960 | 9/9/2002 | http://vimeo.com/4844795 |
| Kylie Minogue | In My Arms | EMI Records Ltd. | Capitol Records, LLC | Pending | Pending | http://vimeo.com/3699801 |
| LCD Soundsystem | Someone Great | DFA LLC | Capitol Records, LLC | SR0000404786 | 4/20/2007 | http://vimeo.com/3046823 |
| Lenny Kravitz | Fly Away | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000261538 | 4/5/1999 | http://vimeo.com/4713695 |
| Lily Allen | Everything's Just Wonderful | EMI Records Ltd. | Capitol Records, LLC | SR0000392058 | 6/20/2007 | http://vimeo.com/channels/48 82 |
| Lily Allen | The Fear | EMI Records Ltd. | Capitol Records, LLC | Pending | Pending | http://vimeo.com/4232182 |

page 2 of 4

Schedule A
Representative Infringements of Plaintiffs' Copyrighted Sound Recordings

| Artist | Track | Copyright Claimant | Plaintiff | SR# | Date of Registration | URL |
|---|---|---|---|---|---|---|
| MC Hammer | Can't Touch This | Capitol Records, Inc. | Capitol Records, LLC | SR0000133683 | 9/25/1991 | http://vimeo.com/6074467 |
| Mims | Move (If You Wanna) | Capitol Records, LLC | Capitol Records, LLC | Pending | Pending | http://vimeo.com/3300782 |
| Norah Jones | One Flight Down | Blue Note Records | Capitol Records, LLC | SR0000320120 | 8/13/2002 | http://vimeo.com/3885828 |
| OK Go | Here It Goes Again | Capitol Records, Inc. | Capitol Records, LLC | SR0000377392 | 9/20/2005 | http://vimeo.com/4233013 |
| OK Go | A Million Ways | Capitol Records, Inc. | Capitol Records, LLC | SR0000377392 | 9/20/2005 | http://vimeo.com/727146 |
| Pat Benatar | Hit Me With Your Best Shot | Chrysalis Records, Inc. | Capitol Records, LLC | SR0000020992 | 9/22/1980 | http://vimeo.com/740830 |
| Pet Shop Boys | Being Boring | Capitol Records, Inc. | Capitol Records, LLC | SR0000125170 | 11/29/1990 | http://vimeo.com/3486687 |
| Pet Shop Boys | Love etc. | Pet Shop Boys Partnership, under exclusive license to Astralwerks | Virgin Records America, Inc. | Pending | Pending | http://vimeo.com/3348698 |
| Pink Floyd | Another Brick in the Wall, Pt. 1 | Pink Floyd Music, Ltd. | Capitol Records, LLC | SR0000014787 | 1/14/1980 | http://vimeo.com/3289558 |
| Pink Floyd | Money | The Gramophone Company Ltd. | Capitol Records, LLC | N 5354 | 3/15/1973 | http://vimeo.com/821709 |
| Radiohead | Everything In Its Right Place | EMI Records | Capitol Records, LLC | SR0000289381 | 11/30/2000 | http://vimeo.com/1252305 |
| Radiohead | Exit Music (For a Film) | EMI Records Ltd. | Capitol Records, LLC | SR0000330613 | 3/20/2003 | http://vimeo.com/2592605 |
| Radiohead | High and Dry | EMI Records Ltd. | Capitol Records, LLC | SR0000280260 | 5/16/2000 | http://vimeo.com/3214767 |
| Red Jumpsuit Apparatus | Face Down | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000393452 | 7/18/2006 | http://vimeo.com/5369613 |
| Richard Marx | Right Here Waiting | Capitol Records, Inc. | Capitol Records, LLC | SR0000103712 | 5/22/1989 | http://vimeo.com/219505 |
| Robbie Williams | Come Undone | The In Good Company Co Ltd. | Capitol Records, LLC | SR0000337664 | 5/7/2003 | http://vimeo.com/3836682 |
| Sarah Brightman | Winter In July | Nemo Studios | Capitol Records, LLC | SR0000297098 | 5/15/2001 | http://vimeo.com/2922231 |
| Sia | Breathe Me | Systematactic Limited t/a/ Go! Beat under exclusive license to Astralwerks | Virgin Records America, Inc. | SR0000629742 | 2/4/2008 | http://vimeo.com/4724866 |
| Sinead O'Connor | Nothing Compares 2 U | Chrysalis Records, Inc. | Capitol Records, LLC | SR0000114910 | 3/30/1990 | http://vimeo.com/1390314 |
| Smashing Pumpkins | Tonight Tonight | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000183904 | 2/12/1996 | http://vimeo.com/2727772 |
| Smashing Pumpkins | Zero | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000183904 | 2/12/1996 | http://vimeo.com/2309393 |
| Spice Girls | Say You'll Be There | Virgin Records Ltd. | Virgin Records America, Inc. | SR0000201276 | 2/4/1997 | http://vimeo.com/4333944 |

page 3 of 4

**Schedule A**
**Representative Infringements of Plaintiffs' Copyrighted Sound Recordings**

| Artist | Track | Copyright Claimant | Plaintiff | SR# | Date of Registration | URL |
|--------|-------|--------------------|-----------|-----|---------------------|-----|
| Spice Girls | Wannabe | Virgin Records Ltd. | Virgin Records America, Inc. | SR0000201276 | 2/4/1997 | http://vimeo.com/1463774 |
| Stacie Orrico | I'm Not Missing You | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000398315 | 6/12/2006 | http://vimeo.com/3363456 |
| The Decemberists | The Rake Song | Capitol Records, LLC | Capitol Records, LLC | Pending | Pending | http://vimeo.com/3854201 |
| The Kooks | Naïve | Virgin Records Ltd. | Virgin Records America, Inc. | SR0000613055 | 11/6/2007 | http://vimeo.com/2749140 |
| Verve, The | Bittersweet Symphony | Virgin Records America, Inc. | Virgin Records America, Inc. | SR0000289364 | 11/17/2000 | http://vimeo.com/3787941 |
| Yellowcard | Ocean Avenue | Capitol Records, Inc. | Capitol Records, LLC | SR0000343413 | 11/12/2003 | http://vimeo.com/283882 |
| Yellowcard | Only One | Capitol Records, Inc. | Capitol Records, LLC | SR0000343413 | 11/12/2003 | http://vimeo.com/4443445 |

# SCHEDULE B

Schedule B
Representative Infringements of Plaintiffs' Pre-1972 Sound Recordings

| Artist | Track | Plaintiff | URL |
|---|---|---|---|
| Beach Boys | 409 | Capitol Records, LLC | http://vimeo.com/6128969 |
| Beach Boys | Surfin USA | Capitol Records, LLC | http://vimeo.com/3981329 |
| Beach Boys | Wouldn't It Be Nice | Capitol Records, LLC | http://vimeo.com/195180 |
| Beatles | A Day In the Life | Capitol Records, LLC | http://vimeo.com/163686 |
| Beatles | All You Need Is Love | Capitol Records, LLC | http://vimeo.com/264312 |
| Beatles | Baby You're a Rich Man | Capitol Records, LLC | http://vimeo.com/1334655 |
| Beatles | Don't Let Me Down | Capitol Records, LLC | http://vimeo.com/202585 |
| Beatles | I'm Only Sleeping | Capitol Records, LLC | http://vimeo.com/1785646 |
| Beatles | Let It Be | Capitol Records, LLC | http://vimeo.com/1801511 |
| Beatles | Lucy in the Sky With Diamonds | Capitol Records, LLC | http://vimeo.com/2778503 |
| Beatles | Octopus's Garden | Capitol Records, LLC | http://vimeo.com/192834 |
| Beatles | Paperback Writer | Capitol Records, LLC | http://vimeo.com/5320950 |
| Beatles | She's Leaving Home | Capitol Records, LLC | http://vimeo.com/164417 |
| Beatles | Taxman | Capitol Records, LLC | http://vimeo.com/2853747 |
| Beatles | When I'm 64 | Capitol Records, LLC | http://vimeo.com/2778503 |
| Les Baxter | Simba | Capitol Records, LLC | http://vimeo.com/3032986 |
| Les Paul and Mary Ford | In The Good Old Summertime | Capitol Records, LLC | http://vimeo.com/1148739 |
| Nat King Cole | I Wish You Love | Capitol Records, LLC | http://vimeo.com/2463907 |
| Nat King Cole | Smile | Capitol Records, LLC | http://vimeo.com/2374704 |
| Nat King Cole | Unforgettable | Capitol Records, LLC | http://vimeo.com/2375062 |