UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIMEO, LLC d/b/a VIMEO.COM, *et al.*, <br><br> Defendants. | CASE NO. 09 CV 10101 (RA) |
| EMI BLACKWOOD MUSIC, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIMEO, LLC d/b/a VIMEO.COM, *et al.*, <br><br> Defendants. | CASE NO. 09 CV 10105 (RA) <br><br><br> **<u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE</u>** |

## ARGUMENT

Plaintiffs' summary judgment submissions included more than 525 exhibits, many of which contain numerous documents.  Now, Plaintiffs ask the Court to take judicial notice of yet additional materials they have collected from various internet sources.  Defendants Connected Ventures & Vimeo, LLC (collectively, "Vimeo") oppose this improper request on the grounds that the facts contained in these documents are "subject to reasonable dispute because" they cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), and because Plaintiffs impermissibly offer these documents for the truth of the statements contained therein.  Plaintiffs' request should be denied.[1]

## I.   LEGAL STANDARD

Federal Rule of Evidence 201(b) provides that courts may only take judicial notice of facts that are "not subject to reasonable dispute because [they] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). In addition, it is well settled that while a court may take notice of the fact that material has been published, courts may *not* take judicial notice of the *truth* of any of the content therein.  *See, e.g.*, *Muller-Paisner v. TIAA*, 289 F. App'x 461, 466 n.5 (2d Cir. 2008) ("Judicial notice may be taken of the defendants' website for the *fact* of its publication." (emphasis added)); *Hedges v. Obama*, No. 12 Civ. 331(KBF), 2012 WL 3999839, at *10 n.15 (S.D.N.Y. Sept. 12, 2012) ("The Court can take judicial notice of the fact that content is available on a website; the Court does not refer to the website for the truth of any of its contents."); *Ortiz v. Green Bull, Inc.*, No. 10–CV–3747 (ADS)(ETB), 2011 WL 5554522, at *1 (E.D.N.Y. Nov. 14, 2011) ("[T]he Court can take judicial

---

[1]  Vimeo does not object to Plaintiffs' request with respect to RJN Ex. A, B, or C, which concern materials located on the Vimeo website.

notice for the fact that the statements were published but not their truth ….”); *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 414-15 n.8 (E.D.N.Y. 2009) (declining to take judicial notice in light of defendant's “attempt[] to introduce these facts here for their truth”).  The exhibits for which Plaintiffs seek judicial notice do not meet this clear standard.

## II.      PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF THIRD-PARTY WEBSITES SHOULD BE DENIED

Plaintiffs request that this Court take judicial notice of certain documents taken from third-party websites.  (*See* RJN Ex. D, F, G.)[2]  Plaintiffs submit these materials as evidence of other websites' use of filtering technology and their treatment of infringing music.  (*See, e.g.*, Pl. SUF ¶¶ 217, 219-220 & Pl. Br. at 17, 43-44 (citing RJN Ex. D[3] as proof of the existence of filtering technology, the technical functioning of these technologies, and the use of these technologies by other websites); Pl. SUF ¶ 201 (citing RJN Ex. F[4] as evidence that other websites provide guidelines as to the use of music on their websites); Pl. SUF ¶ 218 & Pl. Br. at 45 (citing RJN Ex. G as evidence of other websites' use of filtering technologies and treatment of infringing music).)  A website's self-promotion of its policies or technological capabilities is plainly the type of puffery that is improper for a request for judicial notice because it cannot be considered “‘capable of accurate and ready determination by result to sources whose accuracy cannot reasonably be questioned.’”  *See Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 761 F. Supp. 1010, 1019

---

[2]   Vimeo offers the following defined terms:  Plaintiffs' Request for Judicial Notice (“RJN Br.”); Exhibit to Plaintiffs' Request for Judicial Notice (“RJN Ex.”); Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment (“Pl. Br.”); and Plaintiffs' Statement Of Undisputed Facts (“Pl. SUF”).

[3]   RJN Ex. D was also attached by Plaintiffs to the Declaration of James D. Berkley (“Berkley Decl.”), Ex. 58.

[4]   5 out of the 7 documents comprising RJN Ex. F were also attached by Plaintiffs to the Berkley Decl., Ex. 40.

(S.D.N.Y. 1991) (quoting Fed. R. Evid. 201(b)), *aff'd*, 961 F.2d 1052 (2d Cir. 1992); *see also Goldberg*, 660 F. Supp. 2d at 415 n.8 ("Facts on Defendant's own corporate website do not fall into the category of a 'source[ ] whose accuracy cannot reasonably be questioned' as required by Federal Rule of Evidence 201."); *In re Bare Escentuals, Inc. Sec. Litig.*, No. C 09–3268 PJH, 2010 WL 3893622, at \*12 (N.D. Cal. Sept. 30, 2010) (denying defendants' request for judicial notice of purported facts posted on a website).[5]   In addition, Plaintiffs' request for these exhibits violates the well-settled rule that judicial notice may only be taken for the fact that material has been published and ***not*** the ***truth*** of the publication.  *See, e.g.*, *Muller-Paisner*, 289 F. App'x at 466 n.5; *Hedges*, 2012 WL 3999839, at \*10 n.15; *Ortiz*, 2011 WL 5554522, at \*1; *Goldberg*, 660 F. Supp. 2d at 414-15 n.8.

Plaintiffs also request that this Court take judicial notice of a document submitted to the U.S. Patent and Trademark Office in connection with a trademark/service mark application.  (*See* RJN Ex. H.)[6]  Once again, Plaintiffs cite this document in an attempt to verify certain factual allegations in their summary judgment materials.  (*See* Pl. SUF ¶¶ 326, 332 & Pl. Br. at 39 (citing RJN Ex. H as evidence that Vimeo instructed users to make lip dubs using copyrighted music and featured lip dubs on a "Vimeo Obsession" page).)  Yet, citing documents for the truth of their content is precisely the type of content of which courts refuse to take judicial notice.  *See, e.g.*, *Muller-Paisner*, 289 F. App'x at 466 n.5; *Hedges*, 2012 WL 3999839, at \*10 n.15; *Ortiz*, 2011 WL 5554522, at \*1; *Goldberg*, 660 F. Supp. 2d at 414-15 n.8.  That the document originated with Vimeo is of no import.

---

[5]   Plaintiffs also ask the Court to submit, as RJN Ex. E, various pages from the website Dailymotion.com "discussing Dailymotion's use of 'digital fingerprint detection' technologies." (RJN Br. at 4.)  Plaintiffs do not cite to this exhibit in either Pl. SUF or Pl. Br.  As there is no need for this exhibit, the Court should not be burdened with a consideration of judicial notice. Alternatively, RJN Ex. E should be excluded on the same grounds as RJN Ex. D, F, and G.

[6]   RJN Ex. H was also attached by Plaintiffs to the Berkley Decl., Ex. 59.

*See Goldberg*, 660 F. Supp. 2d at 414-15 n.8 (refusing to take judicial notice of various facts contained on defendant's own website).  As the *Goldberg* court held:

> Facts on Defendant's own corporate website do not fall into the category of a "source[ ] whose accuracy cannot reasonably be questioned" as required by Federal Rule of Evidence 201. … [E]ven if the Court were to find such facts unimpeachable, the Defendant has not stated whether the facts in question were true as of the date of the [relevant] transactions that allegedly give rise to Defendant's liability in this case.

*Id*.  Here too, Plaintiffs have not established that the facts in RJN Ex. H were true at the timeframes relevant to this litigation.[7]

III.   **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF NEWSPAPER ARTICLES SHOULD BE DENIED**

Finally, Plaintiffs request that this Court take judicial notice of certain online newspaper articles discussing the Vimeo website.  (RJN Ex. I, J, K.)  As the content of these articles is subject to reasonable dispute and the accuracy of the article can be readily questioned, they are improper subjects of judicial notice.  *See Fasolino*, 761 F. Supp. at 1019 (refusing to take judicial notice of newspaper articles because "'taking evidence, subject to cross-examination and rebuttal, is the best way to resolve controversies involving disputes of adjudicative facts, that is, facts pertaining to the parties'" (quoting Fed. R. Evid. 201(b) advisory committee's note)); *see also Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01–CV–00201S(F), 2010 WL 3992215, at *7 n.13 (W.D.N.Y. Oct. 12, 2010) (declining to take judicial notice of article).

---

[7]  That RJN Ex. H was submitted to the U.S. Patent and Trademark Office as evidence of Vimeo's use of the VIMEO trademark does not change this analysis.  Courts may take judicial notice of the fact that a certain record exists but may not—as Plaintiffs request the Court do here—take judicial notice of the underlying truth of that record.  *See, e.g., Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (citation omitted)); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (holding similarly).

Plaintiffs' proposed use of these articles further disqualifies them from being the proper subject of judicial notice.  Plaintiffs misleadingly suggest that they simply request the court "'take judicial notice of the fact that a publicly accessible website contains certain information.'" (*See* RJN Br. at 1 (citations omitted).)  Yet, Plaintiffs cite these articles to support their own factual allegations.  (*See*, *e.g.*, Pl. SUF ¶¶ 322, 324 (citing RJN Ex. I as evidence of a quote Plaintiffs attribute to Jacob Lodwick and to demonstrate the popularity of a video created by Vimeo staff); *id.* ¶ 267 (citing RJN Ex. J[8] as evidence of the use of copyrighted music in a Vimeo video); *id.* ¶ 298 (citing RJN Ex. K as evidence of Vimeo's purpose).)  As noted above, judicial notice of documents may not be used to establish the truth of the facts contained therein.  *See*, *e.g.*, *Muller-Paisner*, 289 F. App'x 461 at 466 n.5; *Hedges*, 2012 WL 3999839, at *10 n.15; *Ortiz*, 2011 WL 5554522, at *1; *Goldberg*, 660 F. Supp. 2d at 414-15 n.8.  Thus, Plaintiffs' request should be denied.

## **CONCLUSION**

For all of the foregoing reasons, Vimeo respectfully requests that the Court deny Plaintiffs' request with respect to RJN Ex. D-K and their accompanying appearances in the Declaration of James D. Berkley (Ex. 40, 41, 58, 59).

Dated: November 16, 2012
      New York, New York

                                      Respectfully submitted,

                                      /s/ Robert Raskopf
                                      Robert L. Raskopf
                                      Jessica A. Rose
                                      Todd Anten
                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                      51 Madison Avenue, 22nd Floor
                                      New York, NY 10010

---

[8]   RJN Ex. J was also attached by Plaintiffs to the Berkley Decl., Ex. 41.

(212) 849-7000

Rachel Herrick Kassabian (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

- and -

Michael A. Cheah
VIMEO, LLC
555 West 18th Street
New York, New York 10011
(212) 314-7457

*Attorneys for Defendants Vimeo, LLC and*
*Connected Ventures, LLC*