UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; VIRGIN RECORDS AMERICA, INC., a California Corporation,<br><br>                     Plaintiffs,<br><br>          v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,<br><br>                     Defendants. | CASE NOS.   09 CV 10101 (RA)<br>                      09 CV 10105 (RA)<br><br>**DECLARATION OF RUSSELL J. FRACKMAN (1) IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (2) IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Volume 1 of 4<br>[EXHIBITS 1-4]** |
| EMI BLACKWOOD MUSIC, INC., a Connecticut Corporation; EMI APRIL MUSIC, INC., a Connecticut Corporation; EMI VIRGIN MUSIC, INC., a New York Corporation; COLGEMS-EMI MUSIC, INC., a Delaware Corporation; EMI VIRGIN SONGS, INC., a New York Corporation; EMI GOLD HORIZON MUSIC CORP., a New York Corporation; EMI U CATALOG, INC., a New York Corporation; EMI UNART CATALOG INC., a New York Corporation; JOBETE MUSIC CO., INC., a Michigan Corporation; and STONE DIAMOND MUSIC CORPORATION, a Michigan Corporation,<br><br>                     Plaintiffs,<br>          v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,<br><br>                     Defendants. | |

I, Russell J. Frackman, declare as follows:

1.  I am an attorney at law, duly licensed to practice law in the State of California, and admitted *pro hac vice* in these consolidated actions filed by Plaintiffs against defendants Vimeo LLC and Connected Ventures LLC (collectively, "Vimeo"). I am, through my professional corporation, a partner at the law firm Mitchell Silberberg & Knupp LLP, counsel of record for Plaintiffs in these actions. I know all of the following of my own personal knowledge and, if called as a witness, could and would completely testify thereto.

2.  Between August 2010, and February 2011, Plaintiffs took the deposition of 10 of Vimeo's present and former employees and executives. (Two of these depositions, of Michael Cheah and Andrew Pile, were of corporate designees taken pursuant to Rule 30(b)(6)). Additionally, on June 29, 2011, Plaintiffs took the deposition of Vimeo's expert, Pierre Moulin. Following each of the depositions, my office was provided with a transcript by the Court reporter. Attached hereto as Exhibits 1 through 11 are excerpts of the deposition transcripts of the following witnesses in this action:

  **Exhibit 1:** Jakob Lodwick, taken on August 12, 2010

  **Exhibit 2:** Zachary Klein, taken on August 13, 2010

  **Exhibit 3:** Andrea Allen, taken on October 26, 2010

  **Exhibit 4:** Blake Whitman, taken on November 2, 2010

  **Exhibit 5:** Dalas Verdugo, taken on November 5, 2010

  **Exhibit 6:** Michael Cheah, taken on November 12, 2010

  **Exhibit 7:** Andrew Pile, taken on November 12, 2010

  **Exhibit 8:** Moshe Koyfman, taken on January 13, 2011

**Exhibit 9:** Jonathan Marcus, taken on February 16, 2011

**Exhibit 10:** Dae Mellencamp, taken on February 18, 2011

**Exhibit 11:** Pierre Moulin, taken on June 29, 2011

3. At each of the depositions listed above, a number of exhibits were marked and attached to the deposition transcript. The deposition exhibits were consecutively numbered (with the exception of a gap between 225 and 300), beginning at Exhibit 1 and ending at Exhibit 448. These exhibits were numbered at the depositions as follows:

(a) Jacob Lodwick: Exhibits 1 through 51

(b) Zachary Klein: Exhibits 52 through 70

(c) Andrea Allen: Exhibits 71 through 118

(d) Blake Whitman: Exhibits 119 through 167

(e) Dalas Verdugo: Exhibits 168 through 225

(f) Michael Cheah: Exhibits 300 through 314

(g) Andrew Pile: Exhibits 315 through 335

(h) Moshe Koyfman: Exhibits 336 through 363

(i) Jonathan Marcus: Exhibits 364 through 404

(j) Dae Mellencamp: Exhibits 405 through 435

(k) Pierre Moulin: Exhibits 436 through 448

Attached, collectively, hereto as **Exhibit 12** is a true and correct copy of certain of the exhibits marked at the depositions of Vimeo's witnesses. For ease of reference, the exhibits are compiled into a single compendium and submitted to the Court under separate cover. Each individual

4897135.1

3

exhibit bears the court reporter's sticker containing the exhibit number (and is separately tabbed with the exhibit number).

4.  On or about March 26, 2010, Plaintiffs served on Vimeo their First Set of Requests for Production of documents. In response to these requests, Vimeo produced to my office several thousand pages of documents, each bearing the stamped notation "VCV," followed by a bates number. Attached, collectively, hereto as **Exhibit 13** is a true and correct copy of a compilation of selected documents produced by Vimeo in this action, each bearing the "VCV" stamp.

5.  On or about June 16, 2010, Plaintiffs served a subpoena on third-party IAC/Interactive Corp., Vimeo's parent company. On or about July 30, 2010, in response to the subpoena, IAC produced to my office documents bearing the stamped notation "IAC," followed by a bates number. Attached, collectively, hereto as **Exhibit 14** is a true and correct copy of a compilation of selected documents produced by IAC in this action, each bearing the "IAC" stamp.

6.  On or about May 12, 2010, Plaintiffs served a third-party subpoena on Jakob Lodwick, one of Vimeo's founders. On or about July 27, 2010, in response to the subpoena, Lodwick produced to my office documents bearing the stamped notation "JL," followed by a bates number. Attached, collectively, hereto as **Exhibit 15** is a true and correct copy of a compilation of selected documents produced by Lodwick in this action, each bearing the "JL" stamp.

7. On or about May 12, 2010, Plaintiffs served a third-party subpoena on Zack Klein, one of Vimeo's founders. On or about July 14, 2010, in response to the subpoena, Klein produced to my office documents bearing the stamped notation "ZK," followed by a bates number. Attached, collectively, hereto as **Exhibit 16** is a true and correct copy of a compilation of selected documents produced by Klein in this action, each bearing the "ZK" stamp.

8. Attached hereto **Exhibits 17 through 23** are true and correct copies of a collection of documents produced in this action by Plaintiffs. The documents collected and attached as Exhibits 17 through 23 are comprised of screenshots of webpages from the Vimeo website, taken by my office in connection with this action. The screenshots contained in Exhibits 17 through 23 reflect the pages on which each of the videos listed in Plaintiffs' Complaint was displayed and made available on the Vimeo website. Each of these screenshots accurately reflects the depicted webpage (and video) as it existed on the date the screenshot was taken.[1] The collections of screenshots attached as Exhibits 17 through 23 are collected and grouped as follows:

    (a) **Exhibit 17** is a collection of screenshots reflecting videos uploaded to the Vimeo website by members of Vimeo's staff or Vimeo employees.

    (b) **Exhibit 18** is a collection of screenshots reflecting certain instances in which Vimeo staff or employees posted comments to a user-uploaded video, designated the video as a "like," or placed the video on a Vimeo-curated channel, such as "Staff Picks" or "Vimeo HD."

---

[1] In the event the Court would like to view the actual videos that were contained on these webpages, Plaintiffs can make all such videos available on a set of DVDs or on an external computer hard drive.

(c)     **Exhibit 19** is a collection of screenshots reflecting instances of videos that my office determined, from review of documents produced by Vimeo, were "whitelisted" by Vimeo, as further set forth in Paragraphs 35 to 39 and Exhibits 33 through 35 in the concurrently filed Declaration of James Berkley.

(d)     **Exhibit 20** is a collection of screenshots reflecting instances of videos that my office determined, from review of documents produced by Vimeo, were "buried" by Vimeo, as further set forth in Paragraphs 35 to 41 and Exhibits 33, 36, and 37 in the concurrently filed Declaration of James Berkley.

(e)     **Exhibit 21** is a collection of screenshots reflecting videos uploaded by users shown by the Vimeo website to possess a "Plus" account, as indicated by a "Plus" badge appearing beside their name.

(e)     **Exhibit 22** is a collection of screenshots reflecting instances of videos in which users included music credits as part of the video's description.

(d)     **Exhibit 23** is a collection of screenshots reflecting videos that consist largely or entirely of a video recording of a vinyl phonograph record playing on a turntable, with the name of the artist, album, and/or record company visible on the face of the record or otherwise reflected on the Vimeo web page.

(e)     **Exhibit 24** is a collection of screenshots reflecting remaining videos at issue not contained in the prior exhibits (17 through 23).

9.    Attached hereto **Exhibits 25 through 27** are a true and correct copies of a collection of of documents produced in this action by Plaintiffs. Exhibits 22 through 25 are comprised screenshots of webpages from the Vimeo website, taken by my office in connection

with this action. Each of these screenshots accurately reflects the depicted webpage as it existed on the date the screenshot was taken. The collections of screenshots attached as Exhibits 22 through 25 are grouped as follows:

    (a)    **Exhibit 25** is a collection of screenshots reflecting infringing videos that were displayed on the Vimeo website in conjunction with "display" advertisements.

    (b)    **Exhibit 26** is a collection of screenshots reflecting infringing videos that were displayed on the Vimeo website in conjunction with "sponsored links" supplied by Vimeo in connection with Google's advertising services.

    (c)    **Exhibit 27** is a collection of screenshots reflecting infringing videos that appeared with advertisements promoting Vimeo's own products or services, such as paid "Plus" memberships.

10.    Attached hereto as **Exhibit 28** are true and correct copies of additional documents produced by Plaintiffs in this action, consisting of documents printed or captured from the Vimeo website, or in certain cases from other public websites such as http://iac.mediaroom.com and www.washingtonpost.com, by my office in connection with this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of October, 2012, at Los Angeles, California.

_Russell J. Frackman_
Russell J. Frackman