UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; VIRGIN RECORDS AMERICA, INC., a California Corporation,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,<br><br>　　　　　　　　Defendants. | CASE NOS.　09 CV 10101 (RA)<br>　　　　　　　09 CV 10105 (RA)<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (1) IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' DEFENSE UNDER SECTION 512 OF THE DMCA, AND (2) IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| EMI BLACKWOOD MUSIC, INC., a Connecticut Corporation; EMI APRIL MUSIC, INC., a Connecticut Corporation; EMI VIRGIN MUSIC, INC., a New York Corporation; COLGEMS-EMI MUSIC, INC., a Delaware Corporation; EMI VIRGIN SONGS, INC., a New York Corporation; EMI GOLD HORIZON MUSIC CORP., a New York Corporation; EMI U CATALOG, INC., a New York Corporation; EMI UNART CATALOG INC., a New York Corporation; JOBETE MUSIC CO., INC., a Michigan Corporation; and STONE DIAMOND MUSIC CORPORATION, a Michigan Corporation,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,<br><br>　　　　　　　　Defendants. | |

Vimeo's opposition distorts Plaintiffs' request for judicial notice, falsely accusing Plaintiffs of "impermissibly offer[ing] these documents for the truth of the statements contained therein" and submitting "facts contained in these documents [which] are 'subject to reasonable dispute because' they cannot 'be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Vimeo RJN Opp. at 1. Vimeo is wrong. Plaintiffs' request for judicial notice is limited in scope, asking only that the Court take judicial notice of a small number of documents whose authenticity cannot be disputed (namely, press articles, trademark filings, and website printouts) and of the equally indisputable fact that such materials contain the statements or images appearing therein. RJN at 1 (emphasis added); *see also id.* at 2 ("Accordingly, Plaintiffs hereby request judicial notice ***of the following documents***….") (emphasis added).

Courts in this district routinely "take judicial notice of the fact that a publicly accessible website contains certain information." *TechnoMarine SA v. Jacob Time, Inc.*, No. 12 Civ. 0790(KBF), 2012 WL 2497276, at *1 (S.D.N.Y. June 22, 2012) (citing *Muller-Paisner v. TIAA*, 289 F. App'x 461, 466 n.5 (2d Cir. 2008)); *see also 23-34 94th St. Grocery Corp. v. N.Y. City Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012) ("We take judicial notice of a poster recently published on TobaccoFreeNYS.org."). Likewise, judicial notice is appropriate with respect to newspaper articles and government documents (including trademark filings) such as those attached to Plaintiffs' Request. *See Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 n.3 (S.D.N.Y. 2010) (court "may properly take judicial notice of official records of the United States Patent and Trademark Office"); *Gonzales v. Nat'l Westminster Bank PLC*, 847 F. Supp. 2d 567, 569 n.2 (S.D.N.Y. 2012) (court "may take judicial notice of publicly available information including newspaper articles and other public disclosures").

1

Apparently recognizing that its employees have made certain unfavorable admissions in press statements and interviews, Vimeo attempts to avoid consideration of those statements by blurring the distinction between judicial notice of "the fact that material has been published" and "the truth of any content therein." Vimeo RJN Opp. at 1. But the Court may properly take judicial notice of both the existence of a document *and* of the existence of statements made or reflected in that document. In the case of the press releases and newspaper articles cited by Plaintiffs (Exs. B, C, I, and K), there is no dispute that these materials, many made available or distributed by Vimeo itself and/or its parent company IAC (*see* RJN at 3; Plaintiffs' Statement of Undisputed Facts at ¶ 298), quoted certain Vimeo employees and that such quotes reflect statements made by the individuals to whom they are attributed. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007) (district court properly took judicial notice of CEO's reported statements explaining why his company did not want to enter new markets). Plaintiffs do not request judicial notice of the ***accuracy*** of the substance of the quoted material (e.g., the number of resumes received by Vimeo or whether the "right soundtrack" in fact makes a difference between a good video and great one), but only that the statements were made by Vimeo employees and subsequently published by the newspaper or website.

Likewise, it is wholly proper and appropriate for the Court to take judicial notice of the readily verifiable and indisputable facts that Slate.com reported that a web page made certain music available to the public (Ex. J), that Vimeo's trademark filing included a specimen from its website referring to "lip dubs" as a "Vimeo Obsession" accompanied by text offering instructions (Ex. H), that other websites provide terms of service that are markedly different from those set forth on the Vimeo website (Ex. F), that YouTube and DailyMotion claim to use "content management tools" or "digital fingerprint detection" (Exs. D & E), that the website of

Audible Magic makes certain statements regarding its technology and customers (Ex. G), or that Vimeo's "jobs" page states that its employees spend time "gazing at amazing videos" (Ex. A). All of these facts easily can be confirmed "with a brief visit to our favorite search engine." *United States v. Bari*, 599 F.3d 176, 179, 181 (2d Cir. 2010) (court properly conducted "an independent Internet search to confirm [his] intuition that there are many types of yellow rain hats for sale"); *see also, e.g.*, *Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 200 (2d Cir. 2007) (courts "have upheld reliance on newspaper articles to demonstrate changed country conditions when those articles showed recent changes in a country's political situation and the accuracy of the noted changes was undisputed."). In fact, contrary to Vimeo's claim that "a website's self-promotion of its policies or technological capabilities is plainly the type of puffery that is improper for a request for judicial notice" (Vimeo RJN Opp. at 2), this Court recently has taken judicial notice of a nonparty's "description of the diverse functions of [its product] on its website." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 788 n.11 (S.D.N.Y. 2012). There is and can be no dispute concerning the nature of Audible Magic's product and that both YouTube and DailyMotion claim to use forms of digital fingerprinting technology. Moreover, Vimeo does not dispute any of these facts.

    For the foregoing reasons, Plaintiffs request that the Court take judicial notice of the documents attached to their request for judicial notice.

| | |
|---|---|
| DATED: December 21, 2012<br>New York, New York | MITCHELL SILBERBERG & KNUPP LLP<br><br>By:    /s/ Russell J. Frackman<br>      Russell J. Frackman (*pro hac vice*)<br>      Marc E. Mayer (*pro hac vice*)<br>      11377 West Olympic Boulevard<br>      Los Angeles, California 90064-1683<br>      Telephone: (310) 312-2000<br><br>      Christine Lepera (ctl@msk.com)<br>      12 East 49th Street, 30th Floor<br>      New York, New York 10017<br>      Telephone: (212) 509-3900<br><br>      *Attorneys for Plaintiffs* |