

MITCHELL SILBERBERG & KNUPP LLP
A Law Partnership Including Professional Corporations

Marc E. Mayer
A Professional Corporation
(310) 312-3154 Phone
(310) 231-8354 Fax
mem@msk.com

September 12, 2016

**Via ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   <u>Capitol Records, LLC v. Vimeo LLC et al., Case Nos. 09-10101; 09-10105</u>

Dear Judge Abrams:

We write on behalf of all parties in this action.  For the reasons set forth below, the parties respectfully request that the Court adjourn the September 22 status conference and allow the stay to remain in place pending the Record Company Plaintiffs' Petition for Certiorari to the United States Supreme Court.

As the Court is aware, on June 16, 2016, the Court of Appeals issued its decision in the interlocutory appeal in the above-referenced cases, affirming in part and vacating in part this Court's September 18, 2013, and December 31, 2013, decisions on the parties' cross-motions for summary judgment.  In its June 16 decision, the Court of Appeals vacated this Court's grant of summary judgment to Plaintiffs, holding that the safe harbors of Section 512(c) of the Digital Millennium Copyright Act ("DMCA") apply to state law copyright claims concerning sound recordings that were fixed prior to February 15, 1972.

On June 27, this Court granted the parties' request to allow the stay to remain in place while the Record Company Plaintiffs pursued a petition to the Court of Appeals for rehearing *en banc* of that Court's decision concerning the application of the DMCA safe harbor to pre-1972 sound recordings.  On July 14, 2016, the Record Company Plaintiffs filed their Petition for Rehearing.  On August 15, 2016, the Court of Appeals denied the petition, and the mandate issued on August 22.  The following day, the parties jointly requested that a case management conference take place on September 22, 2016, and the Court set a case management conference for that day at 2:00 p.m.

The Record Company Plaintiffs now intend to file a Petition for Certiorari to the United States Supreme Court, requesting that the Supreme Court consider the issue of the application of the DMCA safe harbors to pre-1972 sound recordings, reverse the decision of the Court of Appeals, and affirm this Court's initial summary judgment ruling.  Pursuant to Supreme Court Rule 14, that Petition must be filed by no later than November 14, 2016.  Plaintiffs expect that the Petition will be considered in early 2017.

8123430.1/37182-00017

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone:  (310) 312-2000 Fax:  (310) 312-3100 Website: www.msk.com



The Honorable Ronnie Abrams
September 12, 2016
Page 2

At Plaintiffs' request, the parties have agreed that in light of the pending Petition, it would be most productive to request that the Court enter a stay of the action until such time as the Petition is considered by the U.S. Supreme Court (and, if granted, until any final decision is issued) and the appellate process has been fully exhausted.  This Court has the discretion to stay the proceeding pending the Petition for Certiorari, and stays of this type are often issued.  *See, e.g.*, *In re Literary Works in Electronic Databases Copyright Litig.*, MDL-21-09, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (granting motion for stay pending certiorari petition in copyright litigation where all parties except one group of plaintiffs requested stay); *Davis v. Blige*, No. 03-993, 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008) (granting defendants' motion for a stay pending resolution of certiorari petition on question of copyright law).

Accordingly, the parties jointly request that (1) the status conference set for September 22, 2016 at 2:00 p.m. be taken off calendar and rescheduled following a decision on Plaintiffs' Petition for Certiorari (or, if the Petition is granted, following a final decision by the U.S. Supreme Court); (2) the stay of this action be reinstated and remain in place until such decision; and (3) this Court order that Defendants need not respond to Plaintiffs' amended complaints until after the stay is lifted and the Court determines how these actions should proceed.

The parties will promptly advise the Court when a decision has issued.

Sincerely,

| | |
|---|---|
| MITCHELL SILBERBERG & KNUPP LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| /s/ Marc E. Mayer | /s/ Robert L. Raskopf |
| Marc E. Mayer | Robert L. Raskopf |
| Counsel for Plaintiffs | Counsel for Defendants |