**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7185**

WRITER'S EMAIL ADDRESS
**robertraskopf@quinnemanuel.com**

September 28, 2018

**VIA ECF**
Honorable Ronnie Abrams
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2203
New York, N.Y. 10007

Re: **Capitol Records, LLC, et al. v. Vimeo, LLC, et al.,** Case No. 09-CV-10101
**EMI Blackwood Music, Inc., et al. v. Vimeo, LLC, et al.,** Case No. 09-CV-10105

Dear Judge Abrams:

We represent Defendants Vimeo, Inc. and Connected Ventures, LLC ("Vimeo") in the above-captioned actions. We write jointly with counsel for the Record Company Plaintiffs and Music Publisher Plaintiffs pursuant to this Court's Order dated September 10, 2018 [Dkt. 210] to respond to the Court's request that the parties confirm that, in their view, no additional supplemental briefing is required in light of this Court's March 31, 2018 decision granting in part and denying in part Vimeo's motion to dismiss [Dkt. 209] ("March Order"). Through this submission, the parties jointly confirm they believe that no further briefing or submissions on the pending cross-motions are necessary in light of the March Order; however, the parties' reasons for that conclusion differ in some respects as set forth below.

The March Order dismissed Plaintiffs' 273 unfair-competition claims as to pre-1972 sound recordings for which Plaintiffs have not alleged any red-flag knowledge of obvious infringement by Vimeo. *See* March Order at 10. The Court did not at that time dismiss Plaintiffs' remaining 59 unfair-competition claims as to pre-1972 sound recordings as to which Plaintiffs do allege red-flag knowledge (the "Pre-1972 Videos"), as those 59 claims are included on Plaintiffs' list of 307 videos that are the subject of the parties' pending cross-motions for summary judgment on DMCA safe harbor. *Id.*[1]

Based on the March Order's holding, if the Court rules that Vimeo is entitled to summary judgment as to the Pre-1972 Videos on DMCA safe harbor grounds, then Plaintiffs' copyright-infringement and unfair-competition claims (Counts I – VI) based upon those videos will necessarily

---

[1] The Pre-1972 Videos as to which Plaintiffs allege red-flag knowledge in their summary judgment submissions, identified by Plaintiffs' video numbers, are: Video Nos. 16-25, 157, 181, 208-232, 285-305 (Video No. 224 has two pre-1972 sound recordings).

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

be dismissed.[2] If the Court rules that Vimeo is not entitled to summary judgment as to some or all of the Pre-1972 Videos, then those particular copyright-infringement and unfair-competition claims will not be dismissed at that time on DMCA safe harbor grounds. The parties can then take discovery, if necessary, and potentially cross-move for summary judgment.

**Vimeo's Position**

Vimeo agrees that no supplemental briefing is required "on the issue of bad faith," as the Record Company Plaintiffs argue, although Vimeo disagrees with Plaintiffs' reasons:

1. As the Record Company Plaintiffs point out, there has not been any discovery on their unfair-competition claims.

2. The existence of a triable issue of fact as to Vimeo's red-flag knowledge of infringement with respect to any Pre-1972 Video does ***not*** per se establish that a triable issue of fact also exists as to Vimeo's alleged bad faith on an unfair-competition claim regarding that video. Thus, the March Order's ruling on Plaintiffs' allegations of bad faith does not resolve the issue of Vimeo's alleged red-flag knowledge—the only issue pending before the Court on the parties' cross-motions.

    a. To be sure, the ***absence*** of red-flag knowledge of infringement means that there cannot be bad faith; moreover, an affirmative finding of bad faith would likely require a predicate showing of awareness of infringement. *See* March Order at 9-10.

    b. However, it does not follow that "red flag" knowledge of an infringing use gives rise to an automatic inference of bad faith. *First*, the red-flag inquiry applies an ***objective*** standard, *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 31 (2d Cir. 2012), while the bad-faith inquiry applies a ***subjective*** standard, *see Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980) (bad faith requires proof that defendant "is attempting to capitalize on [plaintiff's] efforts"). *Second*, mere awareness of facts indicating infringement does not warrant the additional inferential leap of "attempting to capitalize." *Id.* (mere use of another's intellectual property not sufficient to show bad faith). To hold otherwise would conflate an inference of awareness with an inference of intent.

3. In light of the above, and to avoid submissions based on a hypothetical ruling, to the extent that any unfair-competition claims may survive the pending cross-motions, the Court would be better situated to address those claims in their entirety and on a full record after issuing its decision on DMCA safe harbor.

---

[2] There is a caveat: Any Pre-1972 Videos that were uploaded by individuals when they were Vimeo employees will not be immediately dismissed even if Vimeo's motion is granted because the Court has determined that, as to safe harbor eligibility for those Videos-in-Suit, "a triable issue has been raised with respect to whether the employees were storing their content as 'users' within the meaning of § 512(c) or as employees acting within the scope of their employment." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 500, 519 (S.D.N.Y. 2013).

**The Record Company Plaintiffs' Position**

      1. The Record Company Plaintiffs agree that based on the prior ruling of the Court on the unfair competition claim (which does not apply to the Music Publisher Plaintiffs), if the Court grants Vimeo's motion on red flag knowledge in its entirety, the unfair competition claims will be dismissed (subject to footnote 2). No further briefing would then be required. The Record Company Plaintiffs do not agree that "the absence of red flag knowledge of infringement means there cannot be bad faith." However, given the Court's prior ruling, the absence of red flag knowledge means the issue of bad faith is moot.

      2. If the Court finds a triable issue on red flag knowledge and, therefore, denies, in whole or in part, Vimeo's motion on that issue or finds that there was red flag knowledge, the Record Company Plaintiffs also believe no further briefing on the issue of bad faith is currently required for the following reasons:

(a) The claim of unfair competition— apart from the red flag knowledge (DMCA) issue— is not part of Phase 1 of the proceedings. The Court already has determined that the Record Company Plaintiffs have stated a claim, and, therefore, as Vimeo apparently agrees, this claim and other surviving claims should proceed to Phase 2, where the parties can take any necessary discovery and/or move for summary judgment.

(b) If the Court determines there is red flag knowledge, or a triable issue as to red flag knowledge, that is, in itself, sufficient to raise a triable issue (at least) as to bad faith. "[B]ad faith generally 'may be inferred from the [defendant's] actual or constructive knowledge of the [plaintiff's]' property right." March 31, 2018 Opinion at 12.

(c) There is sufficient additional evidence already in the record (including the parties' original summary judgment briefing), independent of red flag knowledge, to raise a triable issue (at least) of bad faith. As the Court pointed out in its March 31 Opinion, "[u]nder New York law, 'bad faith' can take on many meanings in the unfair-competition context," and might be as broad as any "'attempt[] to capitalize on' or exploit the property owner's efforts or other commercial advantage." Opinion at 11.

For these reasons, the Record Company Plaintiffs do not believe further briefing is now necessary but would respond either in writing or at oral argument to any questions the Court may have.

Respectfully submitted,

Robert L. Raskopf


*/s/ Russell J. Frackman*
Russell J. Frackman