UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/4/19
```

---

CAPITAL RECORDS, LLC, *et al.*,

            Plaintiffs,

    v.

VIMEO, LLC, *et al.*,

            Defendants.

ORDER

No. 09-CV-10101 (RA)

---

EMI BLACKWOOD MUSIC, INC., *et al.*,

            Plaintiffs,

    v.

VIMEO, LLC, *et al.*,

            Defendants.

No. 09-CV-10105 (RA)

---

RONNIE ABRAMS, United States District Judge:

    In connection with the pending motions for summary judgment, Plaintiffs have submitted a chart laying out the interactions that various Vimeo employees had with each of the videos at issue. *See* Berkley Decl. Ex. B. This chart does not incorporate, however, the evidence, as to each video, of the "facts actually known" by the employee(s) who interacted with the video that would "make infringement obvious." *Capitol Records, LLC v. Vimeo, LLC*, 826 F.3d 78, 97 (2d Cir. 2016).

    No later than October 16, 2019, Plaintiffs shall provide the Court with a supplemental submission that includes, as to each video, the facts known to the employee(s) who interacted with the video that would make infringement objectively obvious. The submission shall be in the form of a modified version of Exhibit B to the Declaration of James Berkley, and shall include, for each

video, an additional column listing the pertinent facts known to the employees who interacted with that video, along with citations to the evidence in the record that establishes the employee(s)' knowledge of such facts. If the identity of the employee who interacted with a particular video is not known, Plaintiffs shall list the pertinent facts known to all employee(s) who had the ability to interact with that video in the manner specified. For example, if a video was "whitelisted," but the identity of the employee who whitelisted the video is not known, Plaintiffs shall list the facts actually known by all Vimeo employees who had the ability to whitelist videos.

Along with the supplemental chart, Plaintiffs shall submit a supplemental memorandum explaining how the facts known to the employee(s) who interacted with each video made infringement objectively obvious as to the specific videos at issue in this case. The memorandum may briefly discuss each video individually or may group the videos in a manner that Plaintiffs deem appropriate.

SO ORDERED.

Dated:   October 4, 2019
         New York, New York

_____
Ronnie Abrams
United States District Judge