UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, *et al.*,<br><br>    Defendants. | Case No. 09-cv-10101 (RA) |
| EMI BLACKWOOD MUSIC, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, *et al.*,<br><br>    Defendants. | Case No. 09-cv-10105 (RA)<br><br>**DECLARATION OF TODD ANTEN IN SUPPORT OF VIMEO'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, Todd Anten, declare as follows:

1. I am an attorney licensed to practice in the State of New York and am a Partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for Defendants Vimeo, LLC and Connected Ventures, LLC (collectively, "Vimeo"). I submit this declaration in support of Vimeo's Motion for Fees pursuant to 17 U.S.C. §505 and Fed. R. Civ. P. 54. Unless otherwise indicated, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

I. **Q**UINN **E**MANUEL'S **F**EES, **B**ILLING **P**RACTICES, **A**ND **E**XPERTISE

2. During the course of this litigation, through October 2025, Quinn Emanuel billed a total of approximately $6,057,814.01 in fees to Vimeo. That total is the amount Vimeo actually incurred, after a 10% discount was applied to those fees.

3. On behalf of Vimeo, Quinn Emanuel has expended approximately 10,446.8 hours of legal professional time in connection with this lawsuit.

4. From the commencement of our work on this matter until May of 2013, billers at Quinn Emanuel tracked their time for this matter in tenth-of-an-hour increments using Time Card Basic, a legal timekeeping system. From May 2013 to the present, billers at Quinn Emanuel tracked their time for this matter in tenth-of-an-hour increments using Elite 3E Workspace, a legal timekeeping software. Quinn Emanuel typically billed Vimeo monthly for all the work incurred in this matter during the previous month. Quinn Emanuel's billing department maintained records of all bills sent to Vimeo on this matter. True and correct copies of invoices sent to Vimeo by Quinn Emanuel are attached hereto as **Exhibits A-O**.[1] Because Quinn Emanuel began billing for this matter in 2010, these bills are grouped into a single document per year for ease of review, although each bill was sent separately on a monthly basis.

5. Quinn Emanuel is a large international law firm that focuses on litigation services for its clients and is consistently ranked as one of the top litigation firms in the world. Among other recognitions:

- The firm has been named the "Most Feared Law Firm Globally." Based on a survey of over 350 major corporations, Quinn Emanuel has, for over eleven years, been recognized by BTI Consulting as one of the "Fearsome Foursome," an elite group of law firms that "clients don't want to face on the other side." For four years running, and a total of five times, the firm was named the most feared law firm in the world.

- Chambers & Partners awarded Quinn Emanuel "Commercial Litigation Law Firm of the Year" at the 2024 Chambers USA Awards.

---

[1] The bills included in these exhibits contain detailed billing narratives. Where applicable, these narratives have been redacted to protect attorney-client privilege and work product. These redactions have been applied carefully to allow Plaintiffs and the Court to make as fulsome evaluation of Quinn Emanuel's work on this litigation as possible. In making these records available for inspection, Quinn Emanuel does not intend to waive any applicable privilege or immunity. Should the Court wish, Vimeo will submit fully unredacted copies of any exhibit for *in camera* review upon request.

- The American Lawyer awarded Quinn Emanuel "Litigation Department of the Year" at its 2023 Industry Awards and named Quinn Emanuel as a finalist in 2025. This award recognizes Quinn Emanuel as the best litigation firm in the U.S.

- The firm been named to The National Law Journal's "Appellate Hot List" eight out of the last ten years and has been recognized as "Appellate Group of the Year" by Law360.

6. Quinn Emanuel has a long and deep experience in litigating intellectual property cases. In 2025, Quinn Emanuel was recognized as a Tier 1 firm in Intellectual Property in Benchmark Litigation's U.S. National Rankings. It was ranked by Chambers as a Band 3 firm for Intellectual Property: Trademark & Copyright for USA – Nationwide.

7. Quinn Emanuel has expertise in all areas of litigation, including copyright. The firm has been called on to protect some of the world's most well-known and valuable copyrighted works, including those of Barbie, X Corp., Google, Spotify, the NFL, the Andy Warhol Foundation, and Bloomberg, among many others. The firm has successfully defended against claims of copyright infringement, securing the dismissal of claims, preventing injunctions from being entered, and convincing juries to award zero damages even after a finding of copyright infringement (in an earlier trial defended by another firm). The firm's copyright expertise extends to every industry, protecting owners of, and defending clients against claims of, copyright infringement involving, works of movies, sports, music, art, book publishing, electronic games, and every aspect of the internet and computer worlds. The firm also has extensive expertise in connection with claims involving the Digital Millennium Copyright Act ("DMCA").

8. The rates Quinn Emanuel was paid in this case were consistent with each attorney's customary hourly rate.

9. Quinn Emanuel's hourly rates and the amounts billed are reasonable.

10. ***First***, the rates are Quinn Emanuel's customary hourly rates actually paid by clients.

3

11. **Second**, Quinn Emanuel's hourly rates are reasonable in light of its highly specialized skills and experience and national reputation for being one of the leading firms in the world in the field of complex commercial litigation.

12. **Third**, Quinn Emanuel's hourly rates are consistent with the rates for similar services by firms of comparable size and reputation.

13. **Fourth**, in recognition of the qualifications of Quinn Emanuel's attorneys and the award-winning, high-level quality of its representation, courts across the country have repeatedly and consistently held that Quinn Emanuel's hourly rates are reasonable. *See, e.g.*, *Rudi v. Wexner*, 2022 WL 1682297, *5 (S.D. Ohio May 16, 2022) ("The Court finds that [Quinn Emanuel's] hourly rates are reasonable under the circumstances of this particular [contingency] case. Accordingly, this factor weighs in favor of granting the requested fee."); *Blattman v. Siebel*, No. 15-cv-530 (CFC) (D. Del. Dec. 6, 2021) (ECF No. 434) (finding attorneys' fees requested by Quinn Emanuel reasonable and declining to reduce the fee award by the requested percentage); *Proofpoint, Inc. v. Vade Secure, Inc.*, No. 3:19-cv-4238 (MMC) (RMI) (N.D. Cal. Dec. 17, 2020) (ECF No. 376 at 7) (finding that Quinn Emanuel attorneys "are experienced and seasoned practitioners; that they are employed at a large international firm with a highly regarded reputation; that they have highly specialized … backgrounds"; and that the firm's fees are reasonable); *Liqwd, Inc. v. L'Oréal USA, Inc.*, No. 17-cv-14 (JFB) (SRF) (D. Del. Dec. 16, 2019) (ECF No. 1162 at 25-28) (finding that Quinn Emanuel's "hourly rates … [are] reasonable"); *H&N Mgmt. Grp. v. Couch*, No. 12847-VCMR, 2019 WL 6620822, at *6 (Del. Ch. Dec. 4, 2019) (finding that Quinn Emanuel's attorneys' fees were "fair and reasonable"); *Transweb, LLC v. 3M Innovative Props. Co.*, No. 2:10-cv-04413 (FSH) (D.N.J. Sept. 24, 2013) (ECF No. 567 at 33) (Special Master's ruling finding that Quinn Emanuel was a "premier litigation firm" and that "the hourly rates charged by Quinn Emanuel are

4

within the range of prevailing rates for premium quality counsel"); *Riverside Cnty. Dept. of Mental Health v. A.S.*, No. 5:08-cv-503 (ABC) (C.D. Cal. Feb. 22, 2010) (ECF No. 123) (awarding full amount of attorneys' fees sought for work performed by Quinn Emanuel); *In re Am. Home Mortg. Hldgs., Inc.*, No. 07-11047 (Bankr. D. Del. Apr. 14, 2008) (ECF No. 3695) (finding attorneys' fees requested by Quinn Emanuel were reasonable); *Bistro Executive, Inc. v. Rewards Network, Inc.*, No. 2:04-cv-4640 (CBM) (C.D. Cal. Nov. 19, 2007) (ECF No. 357 at 6-8) (finding Quinn Emanuel's attorney and staff rates and hours were reasonable).

14. **Fifth**, Quinn Emanuel further applied a 10% discount to all attorney and staff fees invoiced to Vimeo.

15. Quinn Emanuel made every reasonable effort to minimize the legal fees and costs incurred in the defense of this copyright action. For example:

- Quinn Emanuel pursued a "phased" discovery schedule that limited discovery to DMCA-related matters, to avoid unnecessary fees and expenses on non-DMCA issues;

- Quinn Emanuel took only two fact witness depositions—a 30(b)(6) deposition of a representative of each set of Plaintiffs—while Plaintiffs took ten.

- Quinn Emanuel endeavored to assign hourly contract attorneys to conduct first-level document review, to avoid the higher cost of associates conducting such first-level review.

16. Through its motion for attorneys' fees, Vimeo is requesting a reasonable amount of its attorneys' fees. Vimeo is not seeking an award of all of Quinn Emanuel's fees for this action. For example, Vimeo voluntarily is not seeking to recover fees incurred for the services of any timekeepers who billed fewer than 20 hours total over the course of this 16-year litigation. Foregoing such fees results in reducing the number of timekeepers at issue from approximately 62 timekeepers to approximately 22 timekeepers, foregoing over $80,000.00 in fees incurred.

17. Vimeo's requested fee award (excluding fees for preparing this motion), and its good-faith allocation between Stage I and Stage II, is below:

| STAGE[2] | FEES |
|---|---|
| Stage I – pre-remand | $4,771,751.89 |
| Stage II – post-remand | $1,202,768.98 |
| TOTAL | $5,974,520.87 |

18. <u>Stage I</u> concerns all "pre-remand" proceedings from the filing of the case through April 11, 2017 (*e.g.*, pleadings, DMCA discovery, cross-motions for summary judgment, this Court's orders on summary judgment and reconsideration, Vimeo's interlocutory petition and appeal to the Second Circuit, and the Supreme Court's denial of Plaintiffs' petition for a writ of certiorari). *See* Dkt. 160 (lifting stay on April 11).

19. <u>Stage II</u> concerns post-remand proceedings from April 11, 2017 to the present (*e.g.* motion to dismiss unfair competition claims, cross-motions for post-remand summary judgment, the Court's order on summary judgment, the entry of Final Judgment, and Plaintiffs' appeal to the Second Circuit).

## II. QUINN EMANUEL'S TIMEKEEPERS

20. Below is a statement and summary of the services rendered by each person for whose services fees are claimed, along with a brief description of the relevant qualifications and experience of each such person.

### a. *Todd Anten*

21. I am a partner in Quinn Emanuel's New York office and I am Co-Chair of the firm's Copyright, Trademark and Trade Secret practice group. I graduated from the University of

---

[2] Allocation of fees to each stage is a reasonable, good-faith approximation based on dates of invoices.

Pennsylvania with a B.A. in 1996, from the Annenberg School for Communication at the University of Pennsylvania with an M.A. in 1998, and from Columbia Law School with a J.D. as a Harlan Fiske Stone Scholar in 2006. A true and correct copy of my CV as maintained by the firm is attached as **Exhibit P**. I began working on this case as an associate in 2010, and I was promoted to partner commencing January 2013.

22. My work on this matter included every aspect of this case, including drafting and revising briefs relating to the initial briefing on summary judgment and on remand from the Second Circuit, drafting and revising briefs relating to both sets of appeals to the Second Circuit, conducting legal research on key issues, overseeing document review and production during discovery, offensive and defensive discovery and responses thereto, taking and defending depositions, review and revision of the motion for attorneys' fees and costs, and managing the associate litigation team.

23. My billing rates on this matter have been $375.00, $410.00, $485.00, $575.00, $777.78, $810.00, $840.00, $870.00, $920.00, $950.00, $1,050.00, $1,205.00, $1,360.00, and $1,630.00. Vimeo is requesting compensation for 3,381.4 hours of my time spent on this matter.

**b. *Robert L. Raskopf***

24. Robert L. Raskopf was first a partner, then Special Counsel, in Quinn Emanuel's New York office, and has since left the firm. He graduated from Boston College with a B.S., *magna cum laude*, in 1973, and from Boston College Law School with a J.D. in 1976. A true and correct copy of his CV as maintained by the firm at the time of his employment is attached as **Exhibit Q.** He worked on this case from 2010 to 2022.

25. His work on this matter included overview and management of the associate team's work on the case, overseeing discovery, defending depositions, assisting with briefs relating to the

initial briefing on summary judgment and on remand from the Second Circuit, assisting with the Second Circuit appeal from the Court's initial summary judgment order, oral argument on summary judgment, and management of general case strategy.

26. Mr. Raskopf's billing rates were $815.00, $875.00, $955.00, $995.00, $1,075.00, $1, 125.00, $1,150.00, $1,175.00, $1,200.00, and $1,350.00. Vimeo is requesting compensation for 1,643.0 hours of his time spent on this matter.

c. *Kathleen Sullivan*

27. Kathleen Sullivan was a Partner in Quinn Emanuel's Los Angeles office, who has since retired from the firm. She graduated from Cornell University with a B.A. in 1976, from Oxford University with a B.A. in 1978, and she from Harvard Law School with a J.D. in 1981. A true and correct copy of her CV as maintained by the firm at the time of her employment is attached as **Exhibit R.** She worked on this case from 2014 to 2017 and from 2022 to 2023.

28. Her work on this matter included work in briefing the issues presented on both appeals in this case, preparation and presentation for both oral arguments before the Second Circuit, and general appellate strategy, including Plaintiffs' petitions for rehearing and Supreme Court petition.

29. Ms. Sullivan's billing rates were $1,075.00, $1,120.00, $1,175.00, $1,750.00, and $1,925.00. Vimeo is requesting compensation for 149.5 hours of her time spent on this matter.

d. *Rachel Herrick Kassabian*

30. Rachel Herrick Kassabian is a Partner in Quinn Emanuel's Silicon Valley office. She graduated from the University of California with a B.A. in 1993, and from Harvard Law School with a J.D. in 1997. A true and correct copy of her CV as maintained by the firm is attached as **Exhibit S.** She worked on this case from 2010 to 2018 and from 2022 to 2025.

31. Her work on this matter included preparation of the answer to the Complaint, assisting with briefs relating to the initial briefing on summary judgment and the following appeal, discovery and depositions, assistance with preparation for oral argument on summary judgment and presentation of oral argument, assistance with the motion to dismiss before the District Court after remand from the Second Circuit, and general case strategy.

32. Ms. Kassabian's billing rates were $685.00, $765.00, $820.00, $865.00, $900.00, $935.00, $1,090.00, $1,450.00, and $1,900.00. Vimeo is requesting compensation for 283.5 hours of her time spent on this matter.

*e. Jessica A. Rose*

33. Jessica A. Rose is of Counsel in Quinn Emanuel's New York office. She graduated from Cornell University with a B.S. in 1995, and from Fordham University School of Law with a J.D. in 2003. A true and correct copy of her CV as maintained by the firm is attached as **Exhibit T.** She worked on this case from 2010 to 2025.

34. Her work on this matter included every aspect of this case, including preparation of briefing, including summary judgment and appeals, preparing for and defending depositions, communicating with the client and opposing counsel, preparation of subpoenas and other discovery requests, preparation of briefing on the motion to dismiss upon remand from the Second Circuit, and managing the associate litigation team.

35. Ms. Rose's billing rates were $415.00, $455.00, $555.00, $650.00, $760.00, $790.00, $805.00, $830.00, $845.00, $860.00, $885.00, $950.00, $1,100.00, $1,210.00 and $1,465.00. Vimeo is requesting compensation for 1,933.8 hours of her time spent on this matter.

*f. Benjamin J. Gildin*

36. Benjamin J. Gildin was an Associate in Quinn Emanuel's New York office, who has since left the firm. He graduated from Kenyon College with a B.A., Political Science, concentration in Public Policy, in 2003, and from New York University School of Law with a J.D. in 2008. A true and correct copy of his CV as maintained by the firm at the time of his employment is attached as **Exhibit U.** He worked on this case from 2010 to 2014.

37. His work on this matter included drafting briefing, supervising document review, review of documents to be produced in discovery for privilege, preparing for and participating in depositions, and preparation of summary judgment briefing and argument, including drafting and responding to statements of undisputed facts.

38. Mr. Gildin's billing rates were $355.00, $390.00, $440.00, $555.00, $590.00, and $615.00. Vimeo is requesting compensation for 1,384.0 hours of his time spent on this matter.

*g. Yelena Konanova*

39. Yelena Konanova was an Associate in Quinn Emanuel's New York office, who has since left the firm. She graduated from Northwestern University with a B.A. in 2005, and from Harvard Law School with a J.D. in 2008. A true and correct copy of her CV as maintained by the firm at the time of her employment is attached as **Exhibit V.** She worked on this case from 2014 to 2015.

40. Her work on this matter included preparation of appellate briefs for the first appeal and assistance with other related tasks associated with preparation of appellate arguments.

41. Ms. Konanova's billing rates were $615.00 and $645.00. Vimeo is requesting compensation for 83.6 hours of her time spent on this matter.

*h. Owen Roberts*

42. Owen Roberts is a Partner in Quinn Emanuel's New York office. He graduated from Dartmouth College, *magna cum laude*, with a B.A. in 2009, and from Harvard Law School, *magna cum laude*, with a J.D. in 2014. A true and correct copy of his CV as maintained by the firm is attached as **Exhibit W.** He has worked on this case from 2017 to the present

43. His work on this matter included assistance with appellate briefings for the second appeal and preparation for oral argument, and drafting and review of the instant motion seeking attorneys' fees.

44. Mr. Roberts's billing rates on this matter have been $570.00, $1,075.00, $1,285.00 and $1,545.00. Vimeo is requesting compensation for 118.7 hours of his time spent on this matter.

*i. Shlomo Klapper*

45. Shlomo Klapper was an Associate in Quinn Emanuel's New York office, who has since left the firm. He graduated from University of Pennsylvania, College of Arts and Sciences with a B.A. in 2015, from The Wharton School with a B.A. in 2015, and from Yale Law School with a J.D. in 2015. A true and correct copy of his CV as maintained by the firm at the time of his employment is attached as **Exhibit X.** He worked on this case in 2022.

46. His work on this matter included assistance with appellate briefing, including Vimeo's response brief for the second appeal to the Second Circuit.

47. Mr. Klapper's billing rate was $770.00. Vimeo is requesting compensation for 35.4 hours of his time spent on this matter.

*j. Mark Gray*

48. Mark Gray was a Law Clerk in Quinn Emanuel's Silicon Valley office, who has since left the firm. He graduated from Princeton University with a B.A. in 2011, and from

University of California, Berkeley, School of Law with a J.D. in 2015. A true and correct copy of his CV as maintained by the firm at the time of his employment is attached as **Exhibit Y.** He worked on this case from 2014 to 2017.

49. His work on this matter included legal research to assist with drafting of and strategy concerning the first appeal to the Second Circuit.

50. Mr. Gray's billing rates were $350.00 and $535.00. Vimeo is requesting compensation for 33.2 hours of his time spent on this matter.

### k. *Cory Struble*

51. Cory Struble is Of Counsel in Quinn Emanuel's New York office. He graduated from The George Washington University with a B.A. in 2010, and from Columbia Law School with a J.D. in 2013. A true and correct copy of his CV as maintained by the firm is attached as **Exhibit Z.** He worked on this case from 2012 to 2017.

52. His work on this matter included legal research to assist with preparation of summary judgment briefing prior to and following remand from the Second Circuit, and review and revision of the motion to dismiss reply brief upon remand from the Second Circuit.

53. Mr. Struble's billing rates were $175.00, $335.00, $350.00, $610.00 and $750.00. Vimeo is requesting compensation for 131.5 hours of his time spent on this matter.

### l. *David Burnett*

54. David Burnett was an Of Counsel in Quinn Emanuel's New York office, who has since left the firm. He graduated from the University of Virginia with a B.A. in 1999, from the University of Texas at Austin with a M.A. in 2002, and from the University of Virginia School of Law with a J.D. in 2007. A true and correct copy of his CV as maintained by the firm at the time of his employment is attached as **Exhibit AA.** He worked on this case in 2010 .

55. His work on this matter included assistance with document production for discovery and review of documents to be produced in discovery.

56. Mr. Burnett's billing rates were $365.00 and $400.00. Vimeo is requesting compensation for 34.6 hours of his time spent on this matter.

**m. *Gregory Wyckoff***

57. Gregory Wyckoff was an Associate in Quinn Emanuel's New York office, who has since left the firm. He graduated from Brown University with a Sc.B and A.B. in 2004, from the London School of Economics and Political Science with a M.Sc. in 2005, and from Harvard Law School with a J.D. in 2008. A true and correct copy of his CV as maintained by the firm at the time of his employment is attached as **Exhibit BB.** He worked on this case in 2010.

58. His work on this matter included management of the discovery document review team and assistance with review of documents for production for privilege and responsiveness.

59. Mr. Wyckoff's billing rates were $390.00 and $460.00. Vimeo is requesting compensation for 521.8 hours of his time spent on this matter.

**n. *Jason Lake***

60. Jason Lake is an Associate in Quinn Emanuel's Los Angeles office. He graduated from Northwestern University with a B.A. in 2004, and from Vanderbilt University Law School with a J.D. in 2007. A true and correct copy of his CV as maintained by the firm is attached as **Exhibit CC.** He worked on this case from 2012 to 2013.

61. His work on this matter included assistance with preparation of Vimeo's initial motion for summary and Vimeo's opposition to Plaintiffs' initial motion for summary judgment, conducting legal research and review of relevant case law, and preparation of Vimeo's motion to strike.

62. Mr. Lake's billing rates were $465.00 and $590.00. Vimeo is requesting compensation for 490.9 hours of his time spent on this matter.

*o. Justin Givens*

63. Justin Givens was an Associate in Quinn Emanuel's Los Angeles office, who has since left the firm. He graduated from The University of Alabama with a B.A. in 2005, and from New York Law School with a J.D. in 2008. A true and correct copy of his CV as maintained by the firm at the time of his employment is attached as **Exhibit DD.** He worked on this case in 2010.

64. His work on this matter included review of documents for discovery productions and review of responsive documents for privilege.

65. Mr. Givens's billing rate was $320.00. Vimeo is requesting compensation for 94.2 hours of his time spent on this matter.

*p. Peter Keilty*

66. Peter Keilty is a Contract Attorney in Quinn Emanuel's New York office. He graduated from the University of Ulster with a LLB in Law and Economics in 2004, and was admitted to the New York bar in 2006. A true and correct copy of his CV as maintained by the firm at or near the time of his employment is attached hereto as **Exhibit EE**. He worked on this case in 2010.

67. His work on this matter included review of documents produced in discovery for responsiveness and privilege.

68. Mr. Keilty's billing rate was $320.00. Vimeo is requesting compensation for 79.3 hours of his time spent on this matter.

*q. Ulana Holubec*

69. Ulana Holubec was a Contract Attorney in Quinn Emanuel's New York office, who has since left the firm. She graduated from Rutgers College, Rutgers University with a B.A. in 1989, and from Albany Law School of Union University with a J.D. in 1996. A true and correct copy of her CV as maintained by the firm at the time of her employment is attached as **Exhibit FF.** She worked on this case in 2010.

70. Her work on this matter included review of documents produced in discovery for responsiveness and privilege.

71. Ms. Holubec's billing rate was $430.00. Vimeo is requesting compensation for 101.8 hours of her time spent on this matter.

*r. Tony Ngo*

72. Tony Ngo was a Contract Attorney in Quinn Emanuel's New York office, who has since left the firm. He worked on this case in 2010.

73. His work on this matter included review of documents produced in discovery for responsiveness and privilege.

74. Mr. Ngo's billing rate was $320.00. Vimeo is requesting compensation for 33.3 hours of his time spent on this matter.

*s. David Kupfer*

75. David Kupfer was a Summer Associate in Quinn Emanuel's New York office in the summer of 2010, between semesters at Fordham Law School. He worked on this case in 2010.

76. His work on this matter included assistance with legal research associated with discovery.

77. Mr. Kupfer's billing rate was $275.00. Vimeo is requesting compensation for 36.5 hours of his time spent on this matter.

### t. *Quinn Emanuel's Paralegals*

78. Quinn Emanuel also employs paralegals that assist with necessary administrative tasks for client matters. Quinn Emanuel bills its clients for the work completed by paralegals for a specific client matter. Paralegals Amy Laaraj and Jeffrey Matthews completed work for this litigation. Their work generally included tasks such as organizing the case file and case related documents, organization and preparation of materials for depositions, assisting in the preparation of exhibits to accompany motions and briefing, including in connection with summary judgment, preparation of case calendars and monitoring of deadlines, and coordination with vendors as necessary for matter-related tasks. Over the course of this litigation, the billing rates for paralegals ranged between $235 to $390.

### u. *Quinn Emanuel's Litigation Support Staff*

79. Quinn Emanuel retains employees as part of its litigation support team, which primarily handles tasks related to e-discovery such as document collections, document productions, and related tasks with discovery databases. Quinn Emanuel bills its clients for the work completed by the litigation support staff members for a specific client matter. Litigation support staff member Joe Liao completed work for this litigation. His work generally included tasks such as preparing discovery document sets for production, verifying discovery data integrity and completeness, addressing technical discovery document issues, and generation of privilege logs. Over the course of this litigation, his billing rate has been $150.

80. The total amount of fees sought by Vimeo for Quinn Emanuel's attorney and staff invoices, which incorporates a 10% discount on all rates, is summarized as follows:

| NAME | AMOUNT |
|---|---|
| a. Todd Anten | $1,949,382.62 |
| b. Robert L. Raskopf | $1,254,257.68 |
| c. Kathleen Sullivan | $ 183,874.50 |
| d. Rachel Herrick Kassabian | $ 212,813.65 |
| e. Jessica A. Rose | $1,023,048.40 |
| f. Benjamin J. Gildin | $ 539,517.17 |
| g. Yelena Konanova | $ 47,468.70 |
| h. Owen Roberts | $ 108,161.55 |
| i. Shlomo Klapper | $ 24,532.20 |
| j. Mark Gray | $ 10,791.00 |
| k. Cory Struble | $ 26,575.65 |
| l. David D. Burnett | $ 12,632.50 |
| m. Gregory Wyckoff | $ 203,915.00 |
| n. Jason Lake | $ 201,223.85 |
| o. Justin Givens | $ 30,144.00 |
| p. Peter Keilty | $ 25,376.00 |
| q. Ulana Holubec | $ 43,774.00 |
| r. Tony Ngo | $ 10,656.00 |
| s. David Kupfer | $ 10,037.50 |
| t-1. Amy Laaraj | $ 20,632.00 |
| t-2. Jeffrey Matthews | $ 10,926.90 |
| u. Joe Liao | $ 24,780.00 |
| TOTAL | $5,974,520.87 |

### III. VIMEO'S REQUEST FOR COSTS REFERRED BY THE SECOND CIRCUIT

81. After the Second Circuit issued its 2016 decision, Vimeo submitted an itemized bill of costs for $16,461.70. No. 14-1048(L), ECF 281 (2d Cir. June 30, 2016). Plaintiffs submitted an opposition (*id.*, ECF 283 (July 11, 2016)), and Vimeo submitted a reply (*id.*, ECF 289 (July 15, 2016)). On March 31, 2021, the Second Circuit issued an Order stating:

> IT IS HEREBY ORDERED that any award of costs is DEFERRED. Costs to abide the ultimate completion of the litigation, which continues in the district court. The issue of costs is REFERRED to the district court to be decided with the other costs of the overall proceeding.

*Id.* ECF 328 (Mar. 31, 2021). Vimeo therefore requests that this Court award Vimeo taxable costs of $16.461 for that appeal, for the reasons set forth in that briefing. True and correct copies of Vimeo's June 30, 2016 submission, Plaintiffs' July 11, 2016 opposition, Vimeo's July 15, 2016 reply, and the Second Circuit's March 31, 2021 Order are attached hereto as **Exhibits GG, HH, II** and **JJ**, respectively.

### IV.    CONCLUSION

82.    As the "prevailing party" in this action, Vimeo requests to be awarded: (a) its reasonable fees of $5,974,520.87 subject to supplementation for Vimeo's reasonable fees incurred in preparing this motion; and (b) its taxable costs referred to the Court by the Second Circuit in the amount of $16,461.70.

*    *    *

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on November 21, 2025 in New York, New York.

_____<br>Todd Anten